<hr />

## Burr & Co. vs. Sickles & Co.

A remittance of money by mail, is at the risk of the party mailing it, unless there be an express direction to remit in that mode, or a usage or course of dealing from which the authority so to remit may be inferred.

The fact that a previous remittance had been made by mail, and the mode of remittance not objected to, is not an authority or direction to adopt that mode at the risk of the creditor, to whom the remittance is made: nor is the letter of the creditor requesting remittance, but specifying no mode.

A usage is not proved by a single, isolated instance: nor is a course of trade or dea ing proved by a custom on the part of one person.

*Appeal from Independence Circuit Court.*

Hon. BEAUFORT H. NEELY, Circuit Judge.

FAIRCHILD, for the appellants.

W. BYERS, contra.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of debt, commenced by the appellees against the appellants, in the Independence Circuit Court, on a promissory note, for the sum of $521 12, date the 18th February, 1854, and payable six months from date. The appellants appeared to the action, and filed two pleas in bar, *i. e.*, *nil debit*, and payment; to which issues were joined, and the cause submitted to the court, by consent, upon those issues. At the trial, the following evidence and propositions of law were submitted to the court, *to wit:*

The appellees read as evidence, the note declared on, upon the back of which were endorsed the following credits:

| | | | |
|---|---|---|---|
| August 24th, | By cash, | | $100 00 |
| December, 20th, | " " | | 180 00 |
| | | | $280 00 |

Which was all the evidence introduced or offered by the appellees. The appellants then read in evidence, the following receipt of Reuben Harpham, who is admitted to have been post master at Batesville, at its date.

"Messrs. Burr & Co. have deposited in P. O., Batesville, a $20 Bank bill of the Bk. Misso: A No. 1265; Nov., 1850; payable at Lexington; H. Shields, Cashier; J. M. Hughes, ———. Also land warrants, No.'s 54584 and 29985, issued to John Smith, private, in Capt. Phillip's Co., Arkansas volunteers, Florida war, and W. Helm Hunt, private, in Capt. Kelly's Co., S. C. militia, war of 1812, and both under act of 28th Sept., 1850; all which are enclosed in letter to J. B. Sickles & Co., St. Louis, Mo., which is to be mailed thither, to go in mail of Saturday, 9th December, 1854.

R. HARPHAM, *P. M.*

*Batesville, 7th December, 1854.*"

Which said receipt was taken as evidence of the mailing of the letter, enclosing warrants and money, as therein stated, by the appellants, and directed to the appellees.

The appellants then read in testimony, the following letter, having first given proof of the same having been written by, or on behalf of the appellees:

" *Gentlemen:* We are just in receipt of your favor of the 7th inst., covering two eighty acre land warrants and a $20 bill. We sold the former at one dollar per acre, and placed the whole amount to your credit, as above stated, (alluding to the statement as made upon the note.) In the event of your sending us any more land warrants, please endorse them on the margin, &c.

Messrs. BURR & Co.
        Batesville, Arks., *Dec. 20th*, 1854."

And the appellants then read in evidence the following receipt of the post master at Batesville, which was agreed to be taken as his receipt, and as proof of deposit, and mailing of the letter and money therein mentioned.

"Burr & Co., have deposited in P. O. *here,* a $50 bill, on Bk. of Mo., and a $20 bill, Union Bk. Tenn; the last, C. 184, 1 Oct., 1853; the other, 16th Feb'y, 1853, No. 15, 2592, B., under address to J. B. Sickles & Co., St. Louis, Mo.
*Batesville,* 19*th January,* 1855."

And the appellants also read in evidence, the following letter, having proven it, as the former letter, herein copied, was:

"SAINT LOUIS, *Oct.* 26, 1854.

Messrs. BURR & Co., Batesville, Arks.,
*Gentlemen:* Yours of the 10th inst. is at hand, and contents

noted, &c. * * * * * * * We were never more badly in want of money than at present, being compelled to borrow largely, to meet our liabilities. You will, therefore, if it is at all possible, do us the favor to remit the balance of your note, &c.

J. B. SICKLES & CO."

And the appellants then introduced James H. Patterson as a witness, who testified, that he was in the habit of doing business. with, and had received letters from the firm of J. B. Sickles & Co., which had been recognized by that firm as genuine letters, and that he believed the letters, purporting to be from that firm to the appellants, shown to him, under dates of October, 26th, and December 10th, 1854, were written by the authority and sanction of that house. And he stated further, that there are no means of remittance between Batesville and St. Louis, that are regular, but by the mail or post. That there is no market, at which to buy exchange on St. Louis, at Batesville, and that merchants and others frequently send money for orders, and to pay debts, by the mail or the post, and that he was in the habit of so doing himself, though he always supposed remittances to be at his own risk, unless made upon the authority of the persons to whom made. And this was all the testimony offered at the trial.

The appellants moved the court, when the testimony as above was concluded, to declare it as law, and applicable to this case:

1. That if the appellees, by letter of 26th October, 1854, directed the appellants to remit money to them, and they did remit to them seventy dollars by mail, and that was a usual way of remitting money, then, in such case, the appellants should be credited with the amount of money so remitted.

2. That if the fact be, that the appellants sent to the appellees money by letter of December 7th, 1854, through the mail, and the appellees acknowledged receipt of the same, without disavowing the risk of the mail, that was an implied authority

to the appellants to continue the remittance of money to the appellees by mail, and if they did so, afterwards, say on the 19th January, 1855, remit to the appellees $70, that such remittance was a payment to the appellees, for which the appellants should have credit in this action.

3. That if the appellants sent to the appellees money and land warrants, in payment of the note sued on, by letter of 7th December, through the mail, and which was received by the appellees, by due course of mail, and that it is usual for money and land warrants and valuables to be sent and received by mail, then, the presumption is, that, if the appellants, afterwards, on the 19th January, 1855, sent to the appellees $70, by mail, such money reached its destination by coming to the hands of the appellees, and must be taken to have been a payment by the appellants to the appellees, unless such presumption be rebutted by other testimony.

And the court refused to sustain either or all of said propositions as the law, and as applicable to this case, and found the fact for the appellees to be, that the appellants were not entitled to credit for the $70, mentioned in the receipt of the post master at Batesville, under date 19th January, 1855, and found for the appellees, the sum due on the note, without deducting therefrom, the said sum of $70, and proceeded to render judgment therefor. To which finding of the court, and refusal of the court to declare the three foregoing propositions to be the law, and applicable to this case, the appellants excepted.

From this judgment the appellants appealed, on which the case is now depending in this court.

1. It is laid down by Mr. GREENLEAF, in his admirable treatise on the law of evidence, that: "When payment is made by remittance by post to the creditor, it must be shown, on the part of the debtor, that the letter was properly sealed and directed, and that it was delivered into the post office, and not to a private carrier or poster. He must also prove, either the *express* direction of the creditor to remit, in *that mode*, or a usage or course

of dealing, from which the authority of the creditor may be inferred. When these circumstances concur, and a loss happens, it is the loss of the creditor." See 2 *Greenl. Ev.*, *p.* 497, *sec.* 525, *citing in note 5, Warwicke vs. Noakes,* 1 *Peake* 69; *Hawkins vs. Rutt, Ib.* 186; *Walter vs. Haynes, Ryan & Moody* 149; *Chitty on Cont.* 750; 2 *Stark. Ev.* 823.

We will examine and consider the propositions submitted by the appellants to the court, at the trial below, with reference to the facts and law as above stated.

By reference to the letter of the appellees under date the 26th October, 1854, it will be perceived, they gave to the appellants *no express authority* to remit the balance due them on the note in any *particular* or *stated mode.* The direction was general, to remit: leaving the matter, from that letter, with the appellants, to select a *mode,* which might best serve their convenience, and at the same time comport with their interests. Upon the authority of this letter alone, we think it clear, that the appellants were not authorized to select the post, or mail, as the medium or agent of conveying to the appellees, the balance due on the note in question, so as to impose the risk of the remittance, which seems to have been made, of $70, on the 17th January, 1855, upon them.

The fact of the appellants having made to the appellees a similar remittance, on the 7th December, 1854, which was acknowledged by them on the 20th of the same month, does not, in our judgment, qualify the authority of the appellants, or tacitly authorize them to adopt the *mode* pursued in that instance, as *the* mode in which the appellees desired future remittances to be made to them in liquidation and payment of the note sued on, and thereby take upon themselves the risk, *in transitu,* from Batesville to St. Louis. For it is fair that the appellees should have presumed, inasmuch as the appellants, without instructions, and, consequently, at their own risk, selected the post to make their first remittance, that in case they should choose to pursue

that same course, they would expect to do so, as they had done at first, on their own risk.

There is no evidence of any *usage* proven to have prevailed between the parties to this suit, prior to the 19th January, 1855, when the remittance of the $70 was made through the post. The single isolated instance of the remittance made on the 7th December, 1854, certainly does not establish such *usage;* for *usage* is defined to be the legal evidence of custom. See *Broom's Leg. Max.* 712. And custom—the law established by continued usage. See *Read vs. Rann* 10 *B. & C.* 440; *Ecl. Rep.* 21, *per* BAYLEY, Judge.

There was no evidence that it was the *course* of *trade* or *dealing*, between persons doing business in St. Louis and Batesville, that remittances made by the latter to the former, by the post, are made at the risk of the former. Patterson, the only witness. who testified in the cause, stated that it was customary, on his part, to give orders and make remittances through the mails: but not a word was said as to the *course of dealing*, in reference to the risk between him and his correspondents, except that he said, he always supposed when *he* made such remittances, he made them at his own risk.

In view, therefore, of the law and facts of the case, we must hold that the finding of the court below was right, and its ruling in respect to the three propositions submitted by the appellants, correct.

The judgment of the court below is, therefore, affirmed with costs.

Absent, Mr. Justice SCOTT.