## WILLIAM W. TERRILL AND WIFE v. CLINTON E. DEWITT.

The vendor, who sues for the cancellation of his bond for title, on the ground that the vendee has failed to perform, must refund or offer to refund such part of the purchase money as he has received, or show that the vendee has had an equivalent in the use and occupation of the property or otherwise.

Where both vendor and vendee pray for a cancellation, the latter cannot recover back such part of the purchase money as he has paid, without accounting for the value of the use and occupation.

Where the vendor holds by bond for title on which purchase money remains unpaid, his vendee, when sued for the purchase money, may cause such previous vendor to be made a party, and have an application of the purchase money to the discharge of such prior incumbrance, and the title decreed to himself; although, it would seem, he may have taken a covenant of indemnity against such incumbrance, and his immediate vendor is not insolvent.

Appeal from Gonzales. Tried below before the Hon. Fielding Jones.

Suit commenced 27th March, 1856, by William W. Terrill and his wife Sarah E. Terrill, against Clinton E. Dewitt, alleging that on the 19th day of April, 1855, the plaintiffs executed to said defendant their bond for title, with warranty, to certain lots in the town of Gonzales, described, for which defendant gave to plaintiffs his three several notes, one for $300, payable June 19th, 1855; one for $500, due January 1st, 1856; and one for $500, payable July 1st, 1856; that defendant went into possession of the land, and still remained in possession thereof, but had failed to pay the note due January 1st, 1856, though often

demanded; that plaintiffs are still the owners and holders of said two notes for $500 each. A copy of the bond for title was made a part of the petition, and showed that the price of the land was $1500; that $200 had been paid at the time of the sale ; that "all the said sums to bear interest at the rate of ten per cent. per annum, if not paid at maturity;" and "that on the prompt and full payment of said sums of money, as aforesaid, the said William W. Terrill and Sarah E. Terrill, his wife, hereby bind themselves, their heirs and assigns, to execute and deliver to said Dewitt, his heirs and assigns, a good and sufficient deed of warranty of title," &c.; also a covenant of indemnity against balance of purchase money due from plaintiffs to Hugh L. Conn and wife, from whom plaintiffs had purchased the property, and whose title bond therefor they held, dated 18th Oct. 1854. The petition alleged that by reason of defendant's failure to pay promptly the note for $500 due January 1st, 1856, he had "forfeited all rights which he might hold under said bond, and that petitioners are no longer bound to fulfil any conditions in said bond, they being subsequent to the prompt payment of said several sums." Plaintiffs offered to restore the two notes for $500 each, and prayed a cancellation of their bond; and for general relief as should be just and equitable.

Answer of general demurrer, and general denial. Amendment of answer, and cross-bill, alleging facts already stated; making bond for title from Conn and wife to plaintiffs a part thereof, and alleging that plaintiffs could not make title to the property; also that defendant had made valuable improvements, described, to the extent of $190; joining in the prayer for a cancellation of the sale, and praying judgment for the $500 of purchase money paid, and for the $190 expended in improvements as alleged; prayer also for equity and general relief.

Amendment of petition: demurrer to amended answer and cross-bill; allegation that plaintiffs were always ready to make a good title as soon as defendant should pay the purchase money; denial that defendant had made improvements as alleged by him; allegation that if he had made them, he did it in his own wrong, and was not entitled to recover therefor, nor to recover back the $500 of purchase money paid, inasmuch as he must bear the loss, if any, resulting from his failure to perform his contract; but further, that if the defendant could recover as prayed for by him, that plaintiffs were entitled to recover for the use and occupation of the premises, which were worth $20 per month, also for a

17

small house of the value of $150 which defendant had removed off the premises and converted to his own use, "wherefore plaintiffs plead the same in set-off to defendant's plea in reconvention, if the same is allowed and heard by the Court." Prayer for cancellation, &c., and in case cancellation is refused, then for judgment on the notes, which were set out, and for general relief.

Amendment of answer, excepting to the claim for the rent and value of the small house, on the ground that plaintiffs did not own the property; denial that plaintiffs could make title; allegation that they are insolvent, and that if defendant should pay them the purchase money, he would lose both it and the premises.

The Court sustained plaintiffs' exceptions to defendant's claim for improvements, but overruled plaintiffs' exceptions so far as defendant's answer claimed a return of the $500 paid by defendant; the defendant's exceptions to plaintiffs' claim for the value of the use and occupation of the premises, and for the house removed, were sustained; and the cause being submitted without a jury, upon the pleadings and evidence, it was decreed that the title bond be cancelled; that defendant recover from plaintiffs the sum of $500, and costs of suit; and that defendant surrender the possession of the premises to the plaintiffs, &c. The facts have been already stated; it did not appear how much was due on the purchase by plaintiffs from Conn and wife; nor was there any proof of the insolvency of the plaintiffs.

*Parker & Nichols*, for appellants. Defendant took the land, with full knowledge of the title, relying on plaintiffs' warranty. This is proved by the terms of the title bond. (Neel v. Prickett, 12 Tex. R. 137 ; Flanagan v. Ward, Id. 209 ; Jones v. Taylor, 7 Id. 244 : Browning v. Estes, 3 Id. 473.) The defendant made no equitable defence, against the payment of the balance of the purchase money. Hence he could not claim back, the money already made. (Brock v. Southwick, 10 Tex. R. 65, Estes v. Browning, 11 Id. 237.) The property being town lots, and subject to large advances in price and high rents, it is evident that time was the essence of the contract, and that defendant was only in default, in not paying the notes. (Edwards v. Atkinson, 14 Tex. R. 373; Whitman v. Castleberry, 8 Id. 441; Brock v. Southwick, 10 Id. 65; Perry v. Rice, 10 Id. 367; 1 Story, Eq. Jur. Sec. 400.) The defendant should be held to strict performance.

Terrill v. Dewitt.

The Court erred in rendering judgment for $500, and costs of suit against plaintiffs.   The defendant having refused to fulfil his contract, was not entitled to recover the $500, and being in default, costs should have been rendered against him, and the contract cancelled.   Otherwise the prayer of the plaintiffs in the alternative, should have been granted, and judgment rendered against the defendant, on the two $500  notes, with interest and costs of suit.   In either view of the case, costs should have been given against the defendant.

The Court erred in striking out plaintiffs' pleas for rent, and for damages for the house removed from the land.   Whenever defendant refused to perform his contract, he was liable for rent, and bound to deliver up all the property. (Jones v. Taylor, 7 Tex. R. 240; Mason v. Bovet, 1 Denio, 74.   See also 2 Leading Cases in Equity, by Hare & Wallace, 120 and 121; 29 Ala. R. 393; 3 Penn. R. 452; 13 Serg. & R. R. 390 ; 7 Ala. R. 76 ; 5 Watts, 311 ; Cook v. Jackson, decided at this Term.)

In Rawle on Covenants for Title, 725 and 726, the subject is fully discussed.

*Stewart & Mills,* for appellee.   It is a settled rule, that if the vendor is in default, not clothing himself with capacity to make title, or omits compliance with the stipulations of the bond, the vendee may rescind the bond, and claim the money advanced. (Estes v. Browning, 11 Tex. R. 246.)   If the seller cannot make title the contract will be void. (Roberts v. Wyatt, 2 Taunt. R. 268 ; Page v. Odem, 4 Bear. 269.)   The vendor cannot rescind and return the deposit. (1 Sug. Ven. & Pur. 26, 7 Am. ed.)   Again, if there be a total failure of the title, or so defective as to be not within the inducement of the buyer, he may rescind altogether. (2 Kent. (6 Ed.) 475 ; 4 How. (Miss.) R. 435 ; 5 Binney, 355, 363 ; 9 Johns. 465.)

But the great ground of complaint by appellants is, the Court's sustaining appellee's exception to appellants' claim for rent, and value of the tenement alleged to have been removed.   This may be answered, 1st.  They had the use and benefit of the cash payment; they rescinded the contract, which in contemplation of law, placed the parties where they began.  There was no tenancy; they have no right to speculate on the defects and vices of their title.   2d.  They had no right to complain ; they had no title; they had made default as to Conn, and if the appellee owed rent it was not due to appellants, but to Conn.  3d.  As to the tenement

removed, appellants did not aver they made the improvement, or that it was on the premises when appellee entered, and for aught that appears Dewitt might have made the improvement, which was temporary in its character. But be this as it may, Conn was the party to complain.

Dewitt showing defect in appellants' title, was entitled to the value of improvements. (Ewing's Heirs v. Handley's Exor. 4 Litt. (Ky.) R. 346; Rawle on Cov. for Title, 330; Williams v. Rogers, 2 Dana, 375; 2 Id. 469; 1 Johns. Ch. R. 273.)

The appellants covenanted against their defective title and incumbrances, which is binding on them whether appellee knew the defect or not. (Townsend v. Weld, 8 Mass. 146; 15 Pick. 66; 10 Conn. 431; 1 Ala. 645; 22 Pick. 485.) We ask therefore an affirmance of the judgment below.

WHEELER, J. As both parties asked a rescission of the contract, neither can complain of the judgment of the Court in that regard. But upon a rescission of the contract, it was the right of the parties to have an adjustment of their respective equities, so as to do complete justice between them in respect to the subject matter of the litigation. This was prevented by the rulings of the Court sustaining exceptions to portions of the answer and amended petition setting up the equities of the parties growing out of the contract. These rulings were erroneous, and will require a reversal of the judgment and the remanding of the cause, in order that the Court may hear evidence and proceed to an adjustment of the equities of the parties.

For a better understanding, by the parties, of their rights, in the future conduct of the cause, it is proper to observe, that neither party was entitled, upon his own allegations, to have the contract rescinded. The plaintiff was not entitled to that relief, without first refunding or offering to refund the purchase money he had received; unless he had shown by his averments, that the value of the use and occupation of the premises was sufficient to cancel that obligation, or some other matter in satisfaction. His averments upon this subject are too indefinite to enable the Court to pronounce that such a case is presented. The only cause of action he has shown is that contained in his amended petition, where, in the alternative, he seeks to recover judgment for the purchase money remaining unpaid. The defendant does not show that he could not obtain a good title by paying the

purchase money into Court. He has taken a covenant to protect him from any lien which the plaintiff's vendor may have for the purchase money due him from the plaintiff. If the defendant had seen proper, he might have made the plaintiff's vendor a party to the suit, and had an application of the money, due from himself, made to satisfy and discharge the incumbrance, and a title decreed to him. In the present aspect of the case, its further examination is unnecessary. For the error in sustaining the defendant's exceptions to so much of the petition as set up equities growing out of the contract in question, the judgment must be reversed and the cause remanded.

Reversed and remanded.