Hosley and others, Appellants, vs. Wisconsin Odd Fellows Mutual Life Insurance Company, Respondent.

*November 11 — November 28, 1893.*

*Place of trial: Where " cause of action" arises: Life insurance.*

1. The words "cause of action," as used in subd. 5, sec. 2619, R. S., include the act or omission without which there would be no cause of action or right of recovery.
2. Where, by the terms of a policy and the by-laws of the company, payment of life insurance moneys is to be made by a check delivered to the beneficiaries, a default, if any, in such payment takes place in the county in which the beneficiaries have continuously resided; and under subd. 5, sec. 2619, R. S., an action on the policy is triable in that county.

APPEAL from the Circuit Court for *La Crosse* County.

The appeal is from an order changing the venue from La Crosse to Milwaukee county upon application of defendant. The defendant is a domestic insurance corporation, existing under ch. 43, P. & L. Laws of 1869, and ch. 1, Laws of 1887.

On May 10, 1889, the defendant insured the life of Matthias Hosley, a resident of La Crosse, for the benefit of his wife and children, and issued to him three policies or certificates of insurance of $1,000 each. Hosley died June 25, 1892, while still a resident of La Crosse, being at the time temporarily in Chicago. His wife and children, who are

Hosley and others vs. Wisconsin Odd Fellows Mutual Life Ins. Co.

the plaintiffs in this action, continued to reside at La Crosse, and still reside there. The certificates provided for payment of the insurance to the beneficiaries within ninety days after due proof of the death of the insured shall have been received by the secretary. Sec. 14 of the defendant's amended charter (ch. 1, Laws of 1887) provides as follows: "Within ninety days after the receipt by the secretary of due proofs of the death of any member . . . there shall be paid to the beneficiary" the sum called for by such certificate. Sec. 14 of defendant's by-laws provides that upon receipt of proofs of death the defendant's secretary shall immediately examine the case, and, if he finds that the deceased's certificate of membership was valid and in full force and effect at the time of his or her death, the president shall, within ninety days after the receipt of said proofs, draw his warrant on the treasury, countersigned by the secretary, for the amount due, payable to the person or persons entitled thereto; and the secretary shall within such ninety days transmit or deliver the same to the person entitled thereto, and take his or her receipt therefor.

This action was commenced in La Crosse county. The complaint set forth, among other things, the issuance of the policies, the due performance by Hosley of all the conditions and obligations required of him, the death of Hosley, June 25, 1892, the furnishing of complete proofs of death, the fact that more than ninety days had elapsed since the furnishing of such proofs, and the defendant's neglect to pay the loss. Upon the complaint and an affidavit showing, among other things, that the defendant's principal office and place of business was and still is in the city of Milwaukee, the defendant moved that the venue of the action be changed to Milwaukee county, under subd. 5, sec. 2619, R. S. Upon this motion the plaintiffs showed by affidavit, among other things, their continuous residence in

La Crosse from the time of the issuance of the policies up to the time of the commencement of the action. From an order changing the venue to Milwaukee county, plaintiffs appeal.

For the appellants there was a brief by *M. P. Wing*, attorney, and *C. L. Hood* and *H. P. Richardson*, of counsel, and the cause was argued orally by *J. D. Gurnee*. To the point that defendant was bound to seek the plaintiffs and pay them, and failure to do so was a breach of the contract, they cited Bishop, Cont. sec. 1237; 2 Parsons, Cont. 637–8 and note; 2 Chitty, Cont. (11th Am. ed.), 1069; *Lee v. Selleck*, 33 N. Y. 615, 618.

For the respondent there was a brief by *L. H. Mead* and *Geo. W. Bird*, and oral argument by *Mr. Bird*. They contended, *inter alia*, that the death having occurred in Illinois, it should be held that the cause of action arose where the breach or wrong occurred, which was in Milwaukee county. *Veeder v. Baker*, 83 N. Y. 156; *Ithaca Fire Dept. v. Beecher*, 99 id. 429; *Bank of Ky. v. Harrison*, 1 Bush, 384; *Foster v. Wade*, 4 Met. (Ky.), 252; *Rodgers v. Mut. Endow. Asso.* 17 S. C. 406; *Hibernia Nat. Bank v. Lacombe*, 84 N. Y. 367; *Jackson v. Spittall*, L. R. 5 C. P. 542; *Durham v. Spence*, L. R. 6 Exch. 46; *Howell v. Young*, 5 Barn. & C. 259.

WINSLOW, J. Under subd. 5, sec. 2619, R. S., the proper place of trial of this action is the county in which the defendant has its principal office or place of business, or in which the cause of action, or some part thereof, arose. That the defendant's principal office is in Milwaukee is undisputed; but still, if the cause of action, or some part thereof, arose in La Crosse, the place of trial should not, under the section quoted, be changed. The question, therefore, is, Did the cause of action, or any part of it, arise in La Crosse county? We think this question must be an-

swered in the affirmative. As was said in *Bruil v. North-western M. R. Asso.* 72 Wis. 430, " the words ' cause of action ' . . . include the act or omission without which there would be no cause of action or right of recovery." Of course, the making of the contract, the payment of the premiums, the death of the assured, and the furnishing of the proofs of death, are all essential and vital facts without which there would be no cause of action; but even with all of these facts no cause of action would be complete until ninety days had passed after the receipt of proofs without payment. It was the default in payment within the ninety days which made the cause of action perfect. Prior to this default an action would have been premature. This default took place in La Crosse county, because by the contract and by-laws of the company the check was to be delivered to the beneficiaries, and, as they were continuously residents of La Crosse, that delivery was to take place in La Crosse county. *Hibernia Nat. Bank v. La-combe,* 84 N. Y. 367. We conclude that the default, without which there could be no recovery, occurred in La Crosse county.

*By the Court.*— Order reversed, and action remanded for further proceedings according to law.