STATE EX REL. GURNEY LUMBER COMPANY vs. RISJORD, Circuit Judge.

*May 4—June 1, 1915.*

*Payment: Where and how to be made: Custom and usage: Corporations located in different counties: Repair work: Remittance by mail: Action: Where cause of action arises: Place of trial.*

1. Where a contract for the payment of money is silent as to the place of payment, in the absence of any legitimate inferences to the contrary the law implies that payment shall be made at the residence, office, or place of business of the creditor, if within the state.

2. Payment by mail remittance is not such an established and generally recognized usage of trade that by implication it becomes part of a contract for the repair in one county of a machine owned by a corporation having its place of business in another county.

3. Where a machine was repaired by a domestic corporation in the county where it had its place of business and was there delivered to the owner, a corporation having its place of business in another county, the cause of action for labor and materials furnished arose at the time and in the county of such delivery, in the absence of any agreement or any recognized custom of business between the parties to the contrary; and the action is therefore properly triable in that county under sub. 5, sec. 2619, Stats.

MANDAMUS to the Hon. G. N. RISJORD, Judge of the Circuit Court for Ashland county. *Writ quashed.*

The Bretting Manufacturing Company is a corporation organized and existing under the laws of the state of Wisconsin,

having its place of business in the city of Ashland, Ashland county, Wisconsin. The relator, the *Gurney Lumber Company,* is a corporation organized and existing under the laws of the state of Wisconsin and has its place of business at Gurney, in Iron county, Wisconsin. The Bretting Manufacturing Company did repair work on a locomotive of the *Gurney Lumber Company.* These repairs were made at its shops in the city of Ashland. After the locomotive had been repaired it was delivered to the *Gurney Lumber Company* in the city of Ashland. The *Gurney Company* has not paid the bill for repairs. The Bretting Manufacturing Company commenced an action against the *Gurney Lumber Company* to recover the amount due for such labor and material. The action was commenced in the circuit court for Ashland county. The *Gurney Company* served notice upon the Bretting Manufacturing Company demanding a change of venue to the circuit court for Iron county. The Bretting Company did not consent to such demand for the change of the place of trial of the case. On the 31st day of March the relator obtained an order to show cause in the Ashland county circuit court to secure such change of venue of the action. After the hearing of said order the court made an order denying the application.

This is an application to this court to compel by *mandamus* the judge of the circuit court for Ashland county to change the venue in the action of the Bretting Manufacturing Company against the relator, the *Gurney Lumber Company,* from Ashland county to Iron county.

For the plaintiff there was a brief signed by *A. L. Ruggles,* attorney, and *Sanborn, Lamoreux & Pray,* of counsel, and oral argument by *B. H. Stebbins.*

For the defendant there was a brief by *William F. Shea,* and oral argument by *B. W. Jones.*

SIEBECKER, J. It appears that the relator is a Wisconsin corporation and that it has its principal office and place of

business at Gurney, Iron county, and that the plaintiff is like-
wise a domestic corporation with its office and place of busi-
ness at the city of Ashland.    The alleged services and the
material furnished, for which compensation is demanded,
were performed and furnished at the relator's request and the
plaintiff delivered the locomotive on which the repairs had
been made to the relator at Ashland.

The provisions of sec. 2619, Stats. 1913, govern the rights
of the parties as regards the question presented for deter-
mination.    The portion of the statute applicable here is:
"Fifth. Of an action against any other corporation existing
under the law of this state, the county in which it is situated
or has its principal office or place of business, or in which the
cause of action or some part thereof arose."    The question
here is, In which county did the cause of action alleged in
the complaint of the Bretting Manufacturing Company arise?
It is contended by the relator that it arose in Iron county.
This claim is made upon the ground that the *Gurney Lum-
ber Company* had the right to pay the demand sued for by a
remittance by mail addressed to the Bretting Company at the
Ashland postoffice, and that the cause of action sued on did
not, under these circumstances, arise until the relator failed
to so mail a remittance at Gurney, Iron county.    The argu-
ment is made that the rule stated in *State v. Kenosha Home
Tel. Co.* 158 Wis. 371, 148 N. W. 877, namely, "where a
contract.for the payment of money is silent as to the place of
payment, in the absence of any legitimate inferences to the
contrary the law implies that payment shall be made at the
residence, office, or place of business of the creditor, if within
the state," does not govern in the instant case.    It is asserted
that it is the well recognized custom or usage in the conduct
of business that payment of a claim of this kind, arising
under the circumstances of the transaction between these par-
ties, is usually and customarily made by a remittance by mail
of a check or some other form of bank paper.equivalent to

money.    The facts of the case do not show that the parties had agreed that payment of the claim was to be made by remittance by mail.    Nor does it appear that plaintiff had given any special authority to relator to so remit or that there existed between these parties a custom of transacting their business in that manner.    The cases of *Burr v. Sickles,* 17 Ark. 428; *Morton v. Morris,* 31 Ga. 378; *Morgan v. Richardson,* 13 Allen (95 Mass.) 410; and others cited to our attention do not sustain the contention that payment by remittance by mail is such an established and generally recognized usage of trade that it is implied and becomes part of contracts of the kind involved here.    The effect of these decisions goes no farther than to hold that such remittances are a recognized method of payment if it appears that the parties to the transaction had such a recognized course of business or an understanding to that effect.    All of these elements are wanting in this case.    We are of the opinion that the rule declared in the *Kenosha Case* governs and controls the parties to this controversy.    No time of payment having been fixed by agreement of the parties, the law fixes it at the time of delivery of the locomotive at Ashland, Wisconsin.    35 Cyc. 262. The court properly denied the application for a change of venue of the action.    The relation states no cause for issuing a peremptory writ of *mandamus.*

*By the Court.*—Judgment is ordered quashing the writ; the respondent to recover $25 attorneys' fees and the clerk's fees in this court.