STATE EX REL. MEYER, Petitioner, vs. PARK, Circuit Judge, Respondent.

*May 7—May 31, 1921.*

*Venue: Trial of issues raised by counterclaim.*

Under sub. 7, sec. 2619, Stats., providing that certain forms of action shall be tried in the county of defendant's residence, the defendant in an action to recover on promissory notes had an absolute right, upon compliance with the statutory requirements, to have such action tried in the county of his residence, though the answer in effect admitted the cause of action set out in plaintiff's complaint and interposed a counterclaim, the venue of such case being determined by the complaint, and not the counterclaim, in view of secs. 2595, 2620, 2621, 2622, and 2655. The interposing of the counterclaim did not institute a new action, even though the issues to be tried were those raised by the allegations of the counterclaim and the reply.

ACTION of *mandamus* commenced in this court to compel the circuit judge of the Seventh circuit to change the place of trial of an action, wherein A. P. Bean is plaintiff and *F. W. Meyer* is defendant, from Wood county to Barron county. The respondent moved to quash the alternative writ. The petition shows the following facts: A. P. Bean sued *F. W. Meyer,* the petitioner here, on two promissory notes. The complaint was served January 12, 1921, and on January 31st the defendant served a notice of appearance with a demand that the place of trial be changed to Barron county. The demand was accompanied by an affidavit in which *Meyer* alleged "that he resides in the city of Barron,

Barron county, Wisconsin, and has so resided for approximately ten years." At the same time the defendant served an answer by way of counterclaim, alleging that in the year 1909 the defendant had purchased from the plaintiff certain cattle which were said to be free from disease and suitable for breeding purposes; that such cattle were in fact infected with contagious abortion, to the plaintiff's damage in the sum of $1,000. The prayer was as follows:

"Wherefore defendant demands judgment against the plaintiff for the sum of $1,000 damages, less the amount of plaintiff's claim herein, and for the costs and disbursements of this action."

The allegations of the complaint were not answered nor in any way referred to.

The plaintiff did not consent to the change of venue and thereupon the defendant moved for such change, which motion was opposed by the plaintiff by counter-affidavit relating to the merits of the counterclaim but not denying the facts as to the residence of the defendant. The circuit court denied the motion, with costs. This action was begun to compel the circuit judge to enter an order changing the venue.

For the petitioner the cause was submitted on the brief of *C. C. & A. E. Coe* of Barron.

For the respondent there was a brief by *D. D. Conway,* and oral argument by *C. R. Barney,* both of Wisconsin Rapids.

ROSENBERRY, J. Subject to the right of the defendant to change the place of trial (sec. 2620, Stats.), the county designated in the complaint shall be the place of trial.

"Sec. 2619. The proper place of trial of civil actions is as follows, respectively: . . .

"Seventh. Of any other action, the county in which any defendant resides at the commencement of the action; . . ."

By sec. 2621 it is provided that when the county desig-

nated in the summons and complaint is not the proper place of trial, defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiff a demand in writing that the trial be had within the proper county, naming it, and the reason therefor. The plaintiff's attorney is then required, within five days after such service, to serve a written consent that the place of trial be changed, and if such consent be not served the defendant may move to change the place of trial, and if his motion is granted he is entitled to costs.

It is to be noted that in secs. 2619, 2620, 2621, and 2622, relating to change of place of trial, no reference is made to matters which may be set up by the defendant by way of defense to the matter alleged in the complaint or by way of counterclaim.

The argument here on behalf of the respondent is that the defendant having by service of his answer admitted the cause of action set out in the plaintiff's complaint, sec. 2619 has no application because there will be, as a matter of law, no trial of the matters constituting the plaintiff's cause of action; that such trial as there may be will be upon the issues made by the plaintiff's reply to the defendant's counterclaim, and as to that the defendant is, in effect, plaintiff, and the plaintiff is, in effect, defendant, and that therefore the county designated in the summons and complaint as the place of trial is the proper county, being the county of the plaintiff's residence.

The argument made by respondent is certainly logical. The only difficulty is that the statute makes no provision for such a contingency. The cause of action stated in the plaintiff's complaint is one described in sub. 7 of sec. 2619. When the complaint was served the defendant had a statutory right to have the venue of the action changed, irrespective of the allegations contained in his answer, it being

an established fact that the defendant was a resident of Barron county.

A brief consideration of the nature of the right claimed by the petitioner in this action shows quite conclusively that the prayer of the petition should be granted.

"An action is an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Sec. 2595, Stats.

The proper place of trial of a civil action is that designated by sec. 2619. The forms of pleading in civil actions are prescribed by ch. 121, Stats. The first pleading in the action is a complaint. To the complaint the defendant may demur or answer. If the defendant answers, it may be by way of a general or specific denial or by "a statement of any new matter constituting a defense or counterclaim." Sec. 2655. The matters set up in the counterclaim, where the answer embraces such a pleading, may and usually do present a different issue than that tendered by the complaint, but it is still a pleading in the action and not the commencement of a new action, although the counterclaim must set out a cause of action. Under sec. 6, ch. 123, R. S. 1858, it was held that the court in which the motion to change the venue of the action was made might consider whether or not venue in justice should be changed where the convenience of witnesses and the ends of justice require it to remain in the county designated in the summons and complaint. *Couillard v. Johnson,* 24 Wis. 533 (1869). The statute then provided:

"The court may change the place of trial in the following cases:

"1. Where the county designated for that purpose in the complaint is not the proper county.

"2. Where there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When the parties or their attorneys shall stipulate in writing to change the place of trial."

*Couillard v. Johnson* was followed in *Bonnell v. Esterly*, 30 Wis. 549 (1872). The statute was amended by ch. 185, Laws 1869, by which it was provided that the defendant "shall, before the time for answering expires, demand that the trial be had in the county where such defendant resides," and staying all further proceedings until the matter be determined by the court; and it further provided that the defendant shall have thirty days after the consent or determination of the motion, as the case might be, in which to answer the complaint. The statute in its present form appeared in the revision of 1878 as sec. 2621.

In *Van Kleck v. Hanchett*, 51 Wis. 398, 8 N. W. 236 (1881), it was held that a change of venue could not be refused on the ground that a trial of the action in the court in which it was pending will promote the convenience of witnesses, and emphasis was placed upon the fact that in that case no answer had been served, which distinguished it from *Couillard v. Johnson, supra*.

In *Meiners v. Loeb*, 64 Wis. 343, 25 N. W. 216 (1885), it was held that the right of the defendant to a change of venue when the county designated in the complaint is not the proper place of trial is absolute if the demand and motion therefor are duly made; and it was further held that the court could not retain the cause on the ground that the convenience of witnesses and the ends of justice would be thereby promoted. The decision was placed upon the language of the statute as it then stood and still stands. The difference between the law as stated in sec. 2621, R. S. 1878, and the statute as it was at the time of the decision in *Couillard v. Johnson* was noted. *Meiners v. Loeb* was fol-

lowed in *Maher v. Davis & Starr L. Co.* 86 Wis. 530, 57 N. W. 357 (1893).

The latest case in which the nature of this right is discussed is *Stahl v. Broeckert,* 167 Wis. 113, 166 N. W. 653 (1918), where the court says:

"The statute prescribes the proper place of trial. When an action is commenced in an improper county it is in defiance of statutory provisions. The plaintiff has no right to have the action tried therein unless the right to have it tried in some proper county is waived by defendants through failure timely to take the necessary steps to have the place of trial changed. If any of the defendants demand that the action be tried in the proper county the plaintiff is in no position to object. He should have brought the action in the proper county in the first instance. He should not be permitted to profit by his disregard of statutory requirements and force a trial of the action in an improper county against the demand of any of the defendants that the action be had in the proper county. In other words, the statute fixes the proper place of trial, and any defendant has a right to have the action tried in some proper county, even though such right be not insisted upon or, for that matter, desired by all of the defendants."

The right of the petitioner, therefore, to have the case removed to Barron county was an absolute, not a qualified right. The statute has created no exceptions and none exist if the defendant complies with the provisions of the statute. It is urged that the moving papers did not disclose with sufficient certainty the fact that the defendant resided in Barron county. We think that fact clearly appears. The trial court did not base its decision upon any defect in the papers upon which the motion was based but upon the broad ground that, the allegations of the complaint not being denied, there could be as to the matters contained in the plaintiff's complaint no trial and consequently no place of trial. There will be a trial in this action, and while the

issues to be tried will be those raised by the allegations of the counterclaim and the reply, it will be a trial of the action begun by Bean and not of another action. While the counterclaim embraces a cause of action, a new action is not begun.

*By the Court.*—Let the writ issue as prayed in the petition.

ESCHWEILER, J., dissents.