STATE EX REL. WEBSTER MANUFACTURING COMPANY, Petitioner, vs. REID, Circuit Judge, Defendant.

*April 15—July 8, 1922.*

*Venue: Order to show cause as motion: Where contract is made: Where breached.*

1. Under sec. 2621, Stats., entitling a defendant to move to change the place of trial within twenty days after the service of his demand for a change of venue if plaintiff fails to consent to the change, the obtaining of an order to show cause why the venue should not be changed and the serving and filing of

the papers within the twenty-day period are sufficient, the taking of such action constituting a motion within the meaning of the statute.

2. Where the parties are not together and the offer and acceptance are made at different places, the place of the contract is the place where the offer is accepted, and acceptance by letter occurs where the letter is mailed.

3. In the absence of circumstances indicating the contrary, the breach of a contract will be deemed to have occurred at the place where the contract is to be performed.

MANDAMUS begun in this court to compel the judge of the Sixteenth judicial circuit to change the place of trial of an action entitled Brown Land & Lumber Company v. Webster Manufacturing Company from Oneida county to Douglas county. The petition of the defendant shows these facts: Both parties are domestic corporations, and the principal place of business of the defendant is at Superior in Douglas county, while that of the plaintiff is at Rhinelander in Oneida county. The action is one for damages for the breach of a contract for the purchase of lumber. After considerable correspondence as to price, quality, quantity, and time of shipment, plaintiff wrote that it would guarantee to furnish only two cars, and not two or more or three or more, as had before been mentioned in the correspondence. This letter was dated May 8, 1920. On May 10th the defendant wrote that it accepted the change from two or more cars to two cars only; said that it had made the change accordingly in its books and asked the plaintiff to do the same in its books, which it did and so notified the defendant the 12th of May by letter. Later the defendant wrote the plaintiff that it refused to receive the lumber. The summons and complaint was served on the defendant on January 13, 1922. On January 18, 1922, defendant served on plaintiff notice of appearance by H. V. Gard, as attorney for the defendant, and a request that the trial of the action be had within the proper county, to wit, the county of Douglas, for the reason that the defendant is and was at the time of the

commencement of the action a Wisconsin corporation and at the time of the commencement of the action and then it had its principal office and place of business at Superior, in Douglas county, and the cause of action arose in Douglas county. The plaintiff did not serve on defendant a consent that the place of trial be changed.   On February 2, 1922 (fifteen days after the demand for change of the place of trial was served), defendant procured from a court commissioner for Oneida county an order ordering the plaintiff to show cause why the place of trial should not be changed from the county of Oneida to the county of Douglas, and staying proceedings on the part of the plaintiff until the determination of the motion.   This order to show cause was made returnable February 13, 1922.   On the same day the order to show cause was signed (February 2, 1922) it was served on plaintiff's attorney, and the original order was filed with the clerk of the circuit court for Oneida county.   On the return day, February 13, 1922, the presiding judge was absent and the order to show cause could not be heard. Plaintiff's attorney then refused to consent to take up the order to show cause dated February 2, 1922, claiming that because it was not heard on the return day jurisdiction was lost.   Thereupon defendant procured another order ordering plaintiff to show cause why the original order to show cause (dated February 2, 1922) should not be heard and disposed of on February 18, 1922, and on this return date, February 18, 1922, the original order to show cause made on February 2, 1922, was heard and disposed of, and the court, by Honorable Judge REID presiding, made and entered an order denying defendant's motion for change of the place of trial on the sole ground that the defendant's motion was not made in time, and ordered defendant to pay $10 costs.

The respondent moved to quash the alternative writ.

The cause was submitted for the petitioner on the brief

State ex rel. Webster Mfg. Co. v. Reid, 177 Wis. 612.

of *H. V. Gard* of Superior, and for the defendant on that of *E. D. Minahan* of Rhinelander.

The following opinion was filed May 9, 1922:

VINJE, C. J.    The action raises the question whether the relator moved in time under the provisions of sec. 2621, Stats. 1921, and whether the cause of action or any part thereof arose in Oneida county.

It is argued on behalf of the relator that to move is to set in motion, to commence, to take action, etc., and that since it obtained its order to show cause why the venue should not be changed, served the same upon the plaintiff in the action, and filed the papers with the clerk of the circuit court for Oneida county within the statutory time, it had acted seasonably and was entitled to have its motion heard and acted upon after the expiration of the twenty days.    The defendant argues that no motion is made until it is brought to the attention of the court; that the obtaining of an order to show cause, serving and filing the papers is but a preparation for a motion to be made to the court later. While this may technically be true, we think the statutory intent was that action such as was taken by the relator constitutes a motion.    If it does not, then the absence of a judge from his circuit may defeat a defendant entirely from obtaining a change of venue no matter if he be legally entitled thereto.

It has been the practice of the profession to consider an order to show cause or notice of a motion served and filed a motion, and Circuit Court Rule XI, sec. 4, uses the term "motion" in this sense.    It provides that "Either party may, in vacation or in term time, file with the clerk a motion for an order to be applied for at a time fixed in the motion and serve a copy thereof on the adverse party, or his attorney, at least ten days before the time specified for making such application.    After the motion has been so filed and served,

State ex rel. Webster Mfg. Co. v. Reid, 177 Wis. 612.

either party may proceed to take depositions," etc. · It will be observed that after serving and filing the papers the application is called a motion. The statute defines a motion as "an application for an order," and the rules of practice provide that such application may be made by an order to show cause or notice of a motion served and filed. Constructively at least the application is made to the court when it has been served and is filed with the court. It is not essential to its validity that it should be actually called to the attention of the judge. To hold otherwise would introduce too much uncertainty into our practice relating to motions because of the many absences from the circuit by our circuit judges. They may be called to any part of the state upon short notice, and thus render it practically impossible to perfect a motion under the construction claimed by the defendant.

The next question is, Did the cause of action or any part thereof arise in Oneida county? The contract was entered into by correspondence, mostly by mail and in part by wire. The final closing of the contract was by mail in answer to the letter of the plaintiff in the action referred to when the relator accepted the limitation of the amount to two cars only. Where the parties are not together and the offer and acceptance are made at different places, the place of the contract is the place where the offer is accepted (1 Page, Contracts, § 214, and cases cited; 1 Williston, Contracts, § 97, and cases cited) ; and acceptance by letter occurs where the letter of acceptance is mailed. In this case that was at Superior. So if it should be held that the making of the contract constitutes a part of the cause of action, concerning which we express no opinion, the contract was not made in Oneida county but in Douglas county. It was also to be performed in the latter county. The contract was for lumber f. o. b. Superior. It was also breached there; for in the absence of circumstances indicating the contrary, where a breach of a contract occurs it will be deemed to occur at

the place where the contract is to be performed. The letter sent to the Brown Land & Lumber Company notifying it that no more lumber would be received was merely notice of the breach occurring at the place of the performance of the contract. It will thus be seen that no part of the cause of action arose in Oneida county and that the motion for a change of venue was seasonably made. The court should have granted the motion.

*By the Court.*—Let a peremptory writ of *mandamus* be issued as prayed for.

A motion for a rehearing was denied, without costs, on July 8, 1922.