STATE EX REL. FLAMBEAU RIVER LUMBER COMPANY, Petitioner, vs. REID, Circuit Judge, Respondent.

*December 8, 1931—January 12, 1932.*

480

For the petitioner the cause was submitted on the brief of *Carow & Goodsitt* of Ladysmith.

For the respondent there was a brief by *Carlyle B. Wurster* of Merrill, attorney, and *Frank & Pelkey* of Appleton of counsel, and oral argument by *J. P. Frank.*

FOWLER, J.  Upon the facts stated the circuit court properly denied the motion for change of venue.  The statute provides that the proper place of trial of an action against a corporation such as is the defendant is the county in which the corporation is "situated or has its principal office or place of business, or in which the cause of action or some part

thereof arose." Sec. 261.01 (6), Stats. Thus if the cause of action or some part thereof arose in Lincoln county, that county is a proper place of trial, and being a proper place of trial the venue cannot be changed as matter of right.

It was held in *State ex rel. Webster Mfg. Co. v. Risjord,* 201 Wis. 26, 229 N. W. 61, upon principle and authority of prior cases, that a cause of action consists of two parts : the plaintiff's right and its violation; that the plaintiff's right arises where the contract is made; that the violation takes place where payments under the contract are to be made; and that the action may be brought either where the contract was made or the goods involved were to be paid for. The contract being silent as to the place of payment, the place of payment is at the residence of the seller. Some part of the cause of action arises where the plaintiff's right is violated. The violation of plaintiff's right occurs where payment is to be made and is refused, which in this case is Merrill, and Lincoln county, wherein Merrill is situated, is a proper place of trial. This alone rules the case against the relator.

The like also follows upon like reason from the fact that the lumber was to be delivered f. o. b. Merrill. There is where the contract was to be performed. The contract is breached where it is to be performed. The defendant for refusing to order out the lumber at Merrill breached the contract there and some part of the cause of action arose there. *State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67.

Also some part of the cause of action arises where the contract was made. Under the facts stated the contract was made at Merrill, and this fixes Lincoln county as a proper place of trial.

Relator's counsel urge that the contract for alleged violation of which the suit is brought was modified, and that the contract was made where the final modification was made. This theory would not save the case for the relator.

The last act in the modification was plaintiff's letter of June 19th saying that the suggestions of change contained in defendant's letter of June 17th had "been installed as part of" the contract. This constituted an acceptance of defendant's final proposal of change. This act was done at Merrill, and if it fixed the place of the making of the contract, it fixed that place at Merrill.

The defendant also apparently contends that the sending of the two so-called orders of February 17th constituted an offer by defendant to be made into a contract by acceptance by the plaintiff. But the contract had already been made on February 13th by defendant's oral offer and plaintiff's acceptance of it. The recitals in the memoranda signed by plaintiff and assented to and received by defendant unmistakably stamp the contract as one already made at Merrill.

*By the Court.*—The motion to quash the alternative writ is granted.