STATE EX REL. CONNOR LUMBER & LAND COMPANY and another, Petitioners, vs. CIRCUIT COURT FOR MILWAUKEE COUNTY and another, Respondents.

*October 13—November 7, 1933.*

For the petitioners there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *Theo. W. Brazeau.*

For the respondents there was a brief by *Leslie G. Keller* and *Gold & McCann*, attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon.*

FAIRCHILD, J.   The petition is for leave to bring an original action in this court to compel the circuit court for Milwaukee county to change to Wood county the place of trial of the cause described in the statement of facts.

The proper place for the trial of this action against these defendants under the law of this state is the county in which the defendants are situated or have their principal office or place of business, or in which the cause of action, or some part thereof, arose.   Sec. 261.01, Stats.   If the cause of action, or some part thereof, arose in Milwaukee county that county is a proper place for trial.   The cause of action arises when "that is not done which ought to have been done, or that is done which ought not to have been done; but the time when the cause of action arises determines also the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause

of action arises." *State ex rel. Donahue-Stratton Co. v. Grimm*, 186 Wis. 154, 202 N. W. 162; *State ex rel. Flambeau River L. Co. v. Reid*, 206 Wis. 478, 240 N. W. 149.

As no presentment is necessary to fix the liability of the defendants on this bond, the question that remains to be answered is, Does the fact that the bond was presented at Chicago exclude Milwaukee as a place of payment?

The relators contend that the place of payment of the bond has become fixed and certain by reason of the fact that the holder presented on May 1, 1932, the bond and coupon to the Illinois Merchants Trust Company at Chicago, Illinois, thus exercising his option to have payment made at Chicago and excluding Milwaukee as a place of payment. It is argued that the result from this presentment is the same as if Chicago had alone been named as a place of payment.

A breach of a contract to pay arises where payment is to be made and default occurs. Under the wording of the bond and coupon the defendants promised to pay bearer at Milwaukee or at Chicago. They gave to the holder the right to demand payment at either place. His effort to secure his money in Chicago did not take from him the right to secure it in Milwaukee. *Gaddy v. Smith*, 49 Tex. 433, 116 S. W. 164. The wording of the instrument and the act of the holder in presenting it for payment at the Trust Company in Chicago, payment not having been made, does not create an estoppel or an election, or amount to the exercising of an option relieving the debtor from liability to pay in Milwaukee. There is nothing inconsistent on the part of the holder in seeking payment in Milwaukee and continuing to do so until his bond is paid. The debtor promised to pay and has failed to do so. No disadvantage has resulted to the debtor by reason of the presentment of the instrument at Chicago. The debt was due and it is unpaid. No circumstance in the defendants' situation is altered by the mere demand for payment in Chicago. The word "option" as it is used in the

stipulation means liberty to choose without restraint and gives the holder a right to pursue his debtor until the fulfilment of the bond is performed. Payment not having been made at either place, the bond being due in Milwaukee, the holder may bring his action there. The rule denying a change of venue was the correct one under the circumstances.

*By the Court.*—Leave to commence action denied.