STATE EX REL. BIRNAMWOOD OIL COMPANY, Relator, vs. SHAUGHNESSY, Circuit Judge, Respondent.

*May 18—June 16, 1943.*

*Fischer, Brunner & Strossenreuther* and *Michael G. Eberlein,* all of Shawano, for the relator.

*Riley & Riley,* by *Miles C. Riley,* of Madison, for the respondent.

MARTIN, J.   The facts are not in dispute.   On January 2, 1942, Francis E. McGovern in his own behalf, through his attorney, Robert J. Krome, commenced an action in the circuit court for Milwaukee county against Birnamwood Oil Company, a Wisconsin corporation, by service of summons and complaint.   In said action Mr. McGovern, who is an attorney at law residing in the city of Milwaukee, sought to recover a balance due him from said defendant for legal services rendered.   The Birnamwood Oil Company, a Wisconsin corporation, is located and has its principal place of business in Shawano county.

On January 6, 1942, Attorneys Fischer, Brunner & Strossenreuther, appearing for the defendant Birnamwood Oil

Company, served notice of retainer and demand for a change of venue from the circuit court for Milwaukee county to the circuit court for Shawano county on the ground that the action was properly triable in Shawano county. The summons and complaint, after service, were filed in the office of the clerk of the circuit court for Milwaukee county, where they have since remained on file.

On January 8, 1942, defendant's attorneys served a demand for a bill of particulars on the plaintiff's attorney. On same date plaintiff's attorney wrote a letter to defendant's attorneys, in part, as follows:

"In the first place plaintiff wishes to amend the complaint in ways that will require an entirely new draft. This will give you more time to prepare your answer. We shall comply with your demand for a bill of particulars by attaching to the amended complaint an itemized statement of the services rendered and disbursements made for defendant."

On January 12, 1942, defendant's attorneys wrote plaintiff's attorney, in part, as follows:

"Your letter of January 8th has been received and you state that you wish to amend the complaint and it will require an entire new draft. I suppose, no doubt, you have a right to amend the complaint, but you have given us no information with reference to whether or not there is going to be a consent to a change of venue."

In reply to this letter, on January 13th, plaintiff's attorney wrote, in part, as follows:

"My clients have consented to have the place of venue changed to Shawano county rather than have the matter tried here in Milwaukee. I will advise you later as to the contents of the remainder of your letter of the 12th inst."

Subsequent to January 13th a stipulation was entered into extending the time to serve an amended complaint and furnish defendant a bill of particulars. On January 31st plaintiff

served his amended complaint, stating venue in the circuit court for Shawano county. On February 26th defendant's attorneys served their answer to the amended complaint. On March 13th plaintiff's attorney served a notice of trial on defendant's attorneys which was entitled, "State of Wisconsin, Circuit Court, Shawano County." Neither the amended complaint nor the notice of trial have been filed in court by plaintiff. The circuit court for Milwaukee county and no judge thereof has ever entered an order or consent to a change of the place of trial.

The plaintiff, upon learning of the correspondence between his attorney and attorneys for the defendant concerning the place of trial, and learning that the venue designated in the amended complaint and notice of trial was entitled in the circuit court for Shawano county, obtained from the circuit court for Milwaukee county an order to show cause directed to the defendant to show cause "why this action under all the circumstances pertaining thereto should not be tried in the circuit court for Milwaukee county, or any other county where it may properly be tried, as determined by the court."

At the hearing on the order to show cause, defendant, appearing specially, objected to the jurisdiction of the circuit court for Milwaukee county. After hearing on the order to show cause the circuit court for Milwaukee county, WM. F. SHAUGHNESSY, circuit judge presiding, on March 4, 1943, overruled defendant's objections as to the jurisdiction of said court; and thereupon entered the following order:

"It is further ordered that under all the circumstances of this case as disclosed by the record therein that the venue of said action be and is hereby fixed and established to remain in the circuit court for Milwaukee county, Wisconsin, for trial of all the issues herein."

Whereupon, the defendant, Birnamwood Oil Company, petitioned this court that a writ of *certiorari* be issued directed to the circuit court for Milwaukee county to the end that the

validity of the order of March 4, 1943, as entered by the circuit court for Milwaukee county may be heard by this court. Petitioner further alleges that there is no other adequate remedy at law to protect its rights guaranteed under the constitution of Wisconsin and its laws. On the oral argument counsel agreed that if the court held that *certiorari* was a proper remedy the court should decide the case upon the merits on the facts as disclosed by the petition and affidavits of the parties.

The plaintiff contends that under the rule stated in *State ex rel. Meissner v. O'Brien,* 208 Wis. 502, 243 N. W. 314, *certiorari* is not a proper remedy. The decision there is not applicable to the facts in the instant case. On the conceded facts we are of the opinion that *certiorari* is a proper remedy under the rule stated in *State ex rel. W. G. Taylor Co. v. Elliott,* 108 Wis. 163, 84 N. W. 149. In that case there was an application for alternative writ of *mandamus* to compel the circuit judge for Milwaukee county to set aside and vacate an order entered by that court changing the venue of a certain action. The court said:

"The relief sought is properly obtainable, if at all, on *certiorari.* Existence of an order made contrary to law is the only claimed infringement of relator's rights, and the only relief he seeks is the extinguishment of that order. The judgment upon *certiorari* is either affirmance or reversal of such order; and the latter, if relator is entitled to it, is complete and direct relief. Counsel has apparently been misled as to his remedy by the fact that a command to vacate certain orders was included in the *mandamus* issued in *State ex rel. Fourth Nat. Bank v. Johnson,* 105 Wis. 164. But in that proceeding the principal relief sought and granted was a mandate to enter certain specified orders, and the vacation of others was merely ancillary and to enable the commanded order to take effect. For these reasons the motion for an alternative writ of *mandamus* is denied." To same effect see *State ex rel. Nichols v. Circuit Court,* 189 Wis. 629, 631, 208 N. W. 490.

Defendant argues that the circuit court for Milwaukee county was without jurisdiction to enter the order of March 4, 1943. This argument is made on the theory that when the plaintiff's attorney wrote defendant's attorneys, stating, "my clients have consented to have the place of venue changed to Shawano county rather than have the matter tried here in Milwaukee," that consent changed the venue of the action to Shawano county, and thereafter the circuit court for Milwaukee county had no further jurisdiction of the case. We cannot so hold. The plaintiff, Mr. McGovern, was and is a resident of the city of Milwaukee. The contract on which he bases his action to recover for legal services rendered was entered into in the city of Milwaukee. The services rendered under said contract were performed in the city of Milwaukee. After obtaining service on defendant company, the original summons and complaint were filed with the clerk of circuit court for Milwaukee county. It must be conceded that Milwaukee county was a proper place for the trial of the action. The applicable sections of the statutes are as follows:

Sec. 261.02, Stats., provides:

"*Place of trial, general rule.* The county designated in the complaint shall be the place of trial, unless the same be changed as provided in this chapter, except that every action named in subsection (1) of section 261.01 can be commenced only in the county in which the property or some part thereof is situated."

Sec. 261.03, Stats., provides:

"*Change of place of trial.* When the county designated in the complaint *is not the proper place of trial,* except as to actions named in subsection (1) of section 261.01, the defendant may, within twenty days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor. Within five days after service of

such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if he have the option to name one *and such consent shall change the place of trial accordingly.* If the plaintiff's consent be not so served the defendant may, within twenty days after the service of his demand, move to change the place of trial, and the court or the presiding judge shall order the place changed with costs of motion. The right to obtain a change of the place of trial shall not be affected by any other proceedings in the action."

Sec. 262.01, Stats., provides:

*"Jurisdiction, how acquired.* A civil action in a court of record shall be commenced by the service of a summons or an original writ. *From the time of such service or the issuance of a provisional remedy the court shall have jurisdiction and have control of all subsequent proceedings."*

It will be noted that it is only where the county designated in the complaint is *not* the proper place of trial that the demand for and the consent to a change of venue operate to change the place of trial without any order of the court.

Sec. 261.01, Stats., so far as here material, provides:

*"Place of trial.* Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows: . . .

"(2) *Where cause of action arises.* Of an action within either of the two classes next following *the county where the cause or some part thereof arose. . . ."*

Sec. 261.04, Stats., relates to change of venue by the court. It provides:

"The court or the presiding judge thereof may change the place of trial in the following cases:

"(1) When there is reason to believe that an impartial trial cannot be had in the designated county and when so changed it shall be to a county in which the cause complained of does not exist.

"(2) When the convenience of witnesses and the ends of justice would be promoted.

"(3) When the parties or their attorneys shall stipulate in writing to change the place of trial; and, in this case, the order may be made by a judge. . . ."

If the circuit court for Milwaukee county had not been a proper place for the trial of the action, then defendant's contention that the demand coupled with plaintiff's consent operated to change the place of trial would have to be sustained.

In *State ex rel. Connor L. & L. Co. v. Circuit Court,* 213 Wis. 141, 143, 250 N. W. 753, this court said:

"If the cause of action, or some part thereof, arose in Milwaukee county that county is a proper place for trial. The cause of action arises when 'that is not done which ought to have been done, or that is done which ought not to have been done; but the time when the cause of action arises determines also the place where it arises, for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises.' " See cases cited.

This action having been brought in Milwaukee county, a proper place for the trial of the action, we know of no way by which the venue could be changed without an order of the circuit court for Milwaukee county or a judge thereof. The parties could not, by stipulation or otherwise, oust the court of jurisdiction. Therefore, that court had jurisdiction to enter the order of March 4, 1943, retaining the venue of said action in the circuit court for Milwaukee county.

*By the Court.*—Order affirmed, relator to pay the clerk's fees.