STATE EX REL. HARTWIG'S POULTRY FARM, INC., Petitioner, v. BUNDE, Circuit Judge, Respondent.

*No. State 71.   Argued September 3, 1969.—Decided October 3, 1969.*
(Also reported in 170 N. W. 2d 734.)

For the petitioner there was a brief by *Smith & Miller* of Jefferson, and oral argument by *Richard C. Smith*.

For the respondent there was a brief by *Morrow & Garvey,* and oral argument by *Edward R. Kaiser,* all of Eau Claire.

WILKIE, J. The sole issue presented for review is whether defendant's motion and demand for change of venue from Wood county to Jefferson county should have been granted.

Sec. 261.01 (6), Stats., provides, in part:

"261.01 **Place of Trial.** Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:

" . . .

"(6) AGAINST OTHER CORPORATIONS. *Of an action against any other corporation the county in which it has its principal office or in which the cause of action or some part thereof arose.*" (Emphasis supplied.)

Stated more precisely, the issue is: Did plaintiff's cause of action or any part thereof arise in Wood county? If it did, then Wood county is a proper place for trial and the trial judge was correct in denying petitioner's motion. If, on the other hand, neither the cause of action nor

any part thereof arose in Wood county, and the only proper place for trial is Jefferson county, then, upon demand being seasonably and properly made, the trial judge would have had no discretion in the matter, and the petitioner would have been entitled to a change of venue as a matter of right.[1]

It is first necessary to consider what is meant by the term "cause of action."

In *McArthur v. Moffet* [2] this court stated:

"There seems no logical escape from the conclusion that the term 'cause of action' must include the facts showing (1) the plaintiff's right; (2) the defendant's corresponding duty; and (3) the defendant's breach of that duty, or, to put it more tersely, the plaintiff's right and its violation by the defendant." [3]

One commentator has concluded [4] that the cases which interpret this phrase emphasize two factors as being determinative: (1) where the default in performance of a contract takes place,[5] and (2) where the acceptance of a contract takes place.[6]

We think the second factor has no significance in this case since there is no dispute about the making of the

---

[1] *See State ex rel. Bobroff v. Braun* (1932), 209 Wis. 483, 245 N. W. 176; *State ex rel. Meyer v. Park* (1921), 174 Wis. 452, 183 N. W. 165.

[2] (1910), 143 Wis. 564, 128 N. W. 445.

[3] *Id.* at page 571. *See also State ex rel. Birnamwood Oil Co. v. Shaughnessy* (1943), 243 Wis. 306, 10 N. W. 2d 292; *State ex rel. Connor Lumber & Land Co. v. Circuit Court* (1933), 213 Wis. 141, 250 N. W. 753; *State ex rel. Webster Mfg. Co. v. Risjord* (1930), 201 Wis. 26, 229 N. W. 61.

[4] *See*, Comment, 1960 Wis. L. Rev. 663, 670.

[5] *State ex rel. Webster Mfg. Co. v. Reid* (1922), 177 Wis. 612, 188 N. W. 67; *Wisconsin Metal Products Co. v. Rusk Mfg. Co.* (1922), 177 Wis. 155, 189 N. W. 138; *State ex rel. News Publishing Co. v. Park* (1917), 166 Wis. 386, 165 N. W. 289; *State ex rel. Gurney Lumber Co. v. Risjord* (1915), 161 Wis. 118, 152 N. W. 847; *Hosley v. Wisconsin Odd Fellows Mut. Life Ins. Co.* (1893), 86 Wis. 463, 57 N. W. 48.

[6] *See* footnote 5, *supra*, and cases cited therein.

contract, and it, therefore, does not matter where the contract was made. There is a dispute in the record on where the contract was made, even though the rule is that, as to a contract made by phone, the contract is made where the acceptor speaks.[7] Plaintiff claims he was the acceptor by reason of his initiating the phone call from Wood county that resulted in acceptance of the contract terms by him; defendant claims that it was the acceptor in Jefferson county.

From the record it appears that the following facts are undisputed:

1. The parties did enter into an oral contract regarding the processing and marketing of plaintiff's turkeys;

2. The defendant did pick up the turkeys at the plaintiff's farm in Wood county, transported them to its plant in Jefferson county and thereafter processed the birds;

3. The plaintiff paid a specified price per pound to the defendant for this processing; and

4. The defendant was successful in selling part of the plaintiff's flock and the defendant tendered partial payment to the plaintiff.

Plaintiff claims a breach of performance by the defendant in failing to meet its contract obligations to perform services as a broker. It is this breach that plaintiff seeks redress for. This is an alleged breach of duties to be performed in Jefferson county.

Plaintiff contends that the proper place of trial is Wood county because payment was made there. He cites the case of *State ex rel. Flambeau River Lumber Co. v. Reid.*[8] That case involved an action upon an oral contract for the sale of lumber entered into by two corporations in Lincoln county, the principal place of business of the plaintiff corporation. No provision as to the place of

---

[7] 17 Am. Jur. 2d, *Contracts*, p. 392, sec. 53; Restatement, 1 *Contracts*, p. 71, sec. 65; 1 Williston, *Contracts* (3d ed.), p. 270, sec. 82A.

[8] (1932), 206 Wis. 478, 240 N. W. 149.

payment was made. A dispute between the parties arose as to the alleged failure and refusal of the defendant corporation to order, accept, and pay for specified quantities of lumber.

An original proceeding in mandamus was brought in this court to require the circuit judge for Lincoln county to transfer the action begun in that county to Rusk county, the principal place of business of the defendant corporation. In granting plaintiff's motion to quash the writ this court said:

"It was held in *State ex rel. Webster Mfg. Co. v. Risjord,* 201 Wis. 26, 229 N. W. 61, upon principle and authority of prior cases, that a cause of action consists of two parts: the plaintiff's right and its violation; that the plaintiff's right arises where the contract is made; that the violation takes place where payments under the contract are to be made; and that the action may be brought either where the contract was made or the goods involved were to be paid for. The contract being silent as to the place of payment, the place of payment is at the residence of the seller. Some part of the cause of action arises where the plaintiff's right is violated. *The violation of plaintiff's right occurs where payment is to be made and is refused,* which in this case is . . . Lincoln county . . . a proper place of trial." [9] (Emphasis added.)

In the instant case it is admitted that payment was made in Wood county. But there was no refusal to make payment. If there had been such a refusal by the defendant, then perhaps a breach of the instant oral contract could be said to have occurred and the cause of action could be said to have arisen in Wood county. However, since there was no refusal, this is not a nonpayment case and the plaintiff's reliance on the *Flambeau River Case* is misplaced.

Similarly, the significance of the fact that petitioner picked up the turkeys at plaintiff's farm in Wood county

---

[9] *Id.* at page 481.

is considerably diminished when it is recognized that the complaint does not allege any breach in this respect. There is no objection made to the method used by the petitioner in picking up the turkeys. Thus, this factor also is an insufficient basis upon which to predicate a cause of action.

Nevertheless, plaintiff at oral argument contended that the complaint in this case can be construed so as to allege a nonpayment situation.

Paragraph 5 of the complaint alleges:

"5. That in addition the defendant, by its agent, officer and employee, Clarence Hartwig did agree to act as a broker and sell such processed birds and flock on behalf of the plaintiff or in the absence of being able to obtain or obtaining a third-party purchaser, the defendant did agree to purchase said flock at the then current market price either eviscerated or live weight or if said birds were sold on the New York market then to pay 1½¢ below the New York market price to cover transportation costs."

It is difficult to understand how this allegation transforms the case into a nonpayment situation. Quite clearly, this paragraph alleges an obligation on the part of the petitioner to purchase the flock only in the event of being unable to obtain a third-party purchaser. The question of the petitioner's failure to obtain a third-party purchaser and to otherwise properly dispose of the flock is the crux of the complaint. In other words, the complaint, in essence, alleges a breach of performance. The alleged failure to obtain a third-party purchaser for the flock, by necessity, had to occur prior to the alleged failure to purchase the flock. Also, by implication, the failure to obtain a third-party purchaser had to occur in Jefferson county where the essential elements of the contract were to be performed. Thus, plaintiff's attempt to interpret this paragraph as alleging a nonpayment situation must fail.

In essence, plaintiff asserts that his suit should be tried in Wood county where the plaintiff's turkeys were picked up and where payment was made. But defendant correctly asserts that plaintiff alleged no breach as to the performance of those obligations and that the alleged breach of contract was with respect to duties to be performed only in Jefferson county. Therefore, defendant correctly concludes that plaintiff's cause of action, if any, arises in that county and under sec. 261.01 (6), Stats., the cause should be tried there.

The motion and demand as made by petitioner should have been honored by the trial court to change the venue as requested. Therefore, the trial court's order must be reversed and the cause remanded for further proceedings consistent with this opinion.[10]

*By the Court.*—Order reversed, and cause remanded for further proceedings consistent with this opinion.

ROBERT W. HANSEN, J. (*dissenting*). While turkeys are not migratory birds, a lawsuit involving a flock of turkeys can have several roosting places in this state. Where breach of a contract of sale is at issue, whether or not it concerns turkeys, this court has held that venue may properly lie in the county where:

(1) The contract was made,[1]

(2) The contract was breached,[2] or

(3) Payment is to be made.[3]

Paragraph 5 of plaintiff's complaint alleged that the defendant processing corporation agreed to act as

[10] *State ex rel. Klabacka v. Charles* (1967), 36 Wis. 2d 122, 152 N. W. 2d 857.

[1] *State ex rel. Webster Mfg. Co. v. Reid* (1922), 177 Wis. 612, 188 N. W. 67.

[2] *State ex rel. Webster Mfg. Co. v. Risjord* (1930), 201 Wis. 26, 229 N. W. 61.

[3] *State ex rel. Flambeau River Lumber Co. v. Reid* (1932), 201 Wis. 478, 240 N. W. 149; *State ex rel. Connor Lumber & Land Co. v. Circuit Court* (1933), 213 Wis. 141, 250 N. W. 753.

broker to sell the processed birds and "in the absence of being able to obtain or obtaining a third-party purchaser," agreed to purchase the flock at the then current market price. If this were simply a contract to purchase at the market price, then the action for breach could be brought in Wood county which is conceded to be the place where payments were to be made.

Does the dual nature of the agreement, as alleged in paragraph 5, change the basic nature of the contract or the basis of an action for its breach? Whether the defendant corporation sold or itself bought the turkeys, payment to the plaintiff for his flock was required. In either event, the fact of payment or nonpayment remains at least "some part" of the cause of action and that is the statutory test as to proper place of trial under sec. 261.01 (6), Stats.

However, the majority of the court distinguishes the nonpayment cases by concluding that here the "crux of the complaint" is the defendant's failure to obtain a third-party purchaser and finding that nonpayment is not an issue in this case.

"It is difficult to understand how . . . [paragraph 5 of the complaint] transforms the case into a nonpayment situation" the majority opinion states. Even if paragraph 5 is interpreted to exclude the issue of nonpayment, paragraphs 16 and 17 of the complaint keep it in.

Paragraph 16 alleges that the defendant corporation did actually sell portions of the plaintiff's flock of turkeys and did receive funds related to such sale.

Paragraph 17 alleges that the defendant did retain the use of funds realized from said sales and did utilize an undetermined amount of said funds for the benefit of defendant corporation.

In these two paragraphs we have no allegation that the defendant corporation failed to look for and find a third-party purchaser. Instead the allegation is that the defendant corporation did:

(1) Find a third-party purchaser,

(2) Did sell a portion of the flock,

(3) Did receive moneys from the sale,

(4) Did retain and utilize such proceeds of said sale for its own benefit.

If this does not raise a sharp issue as to nonpayment by defendant of moneys due the plaintiff under the contract, it is difficult to understand what allegation would.

The trial judge held that Wood county was a proper place of trial in this action and that the case need not be crated up and shipped down, as were the turkeys, to Jefferson county for trial. His denial of the motion for change of venue should be affirmed.

I am authorized to state that Mr. Justice HANLEY joins in this dissent.