PATRICIA BARRY, APPELLANT, V. DANIEL G. BOHI, M.D., APPELLEE.

380 N.W.2d 249

Filed January 24, 1986.    No. 84-611.

Charles F. Gotch and David A. Blagg of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Robert M. Slovek and Thomas J. Shomaker of Sodoro, Daly & Sodoro, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

The trial court, pursuant to the jury's verdict, dismissed Patricia Barry's malpractice action against Daniel G. Bohi, a physician practicing as an obstetrician and gynecologist. She assigns as error the trial court's (1) determination as a matter of law that Dr. Bohi was a health care provider qualified under the Nebraska Hospital-Medical Liability Act, Neb. Rev. Stat. §§ 44-2801 et seq. (Reissue 1984), when her cause of action arose, and (2) consequent receipt into evidence, pursuant to the act, of the written opinion of the medical review panel that Dr. Bohi "met the applicable standard of care required under the

circumstances." We reverse and remand for a new trial.

The act provides a method whereby health care providers, such as physicians, may limit their malpractice liability with respect to patients who have elected not to remove themselves from its operation. §§ 44-2821, 44-2824; *Prendergast v. Nelson*, 199 Neb. 97, 256 N.W.2d 657 (1977). At the relevant times, the act required that all malpractice claims of patients under the act against providers qualified under the act be reviewed prior to suit by a medical review panel. § 44-2840 (Reissue 1978); *Prendergast v. Nelson, supra.* (As of July 10, 1984, a claimant may waive such review. § 44-2840(4) (Reissue 1984).) The act calls upon the panel to render a written opinion as to whether the provider met or failed to meet the applicable standard of care, or whether there exists to be resolved a material question of fact bearing on the issue of the provider's liability which does not require expert opinion. § 44-2843. The act further provides that should suit follow, the written opinion of the review panel "shall be admissible as evidence." § 44-2844(2); *Prendergast v. Nelson, supra.*

In order to receive the protection of the act, the provider must file with the director of the Department of Insurance proof of certain financial responsibility and pay the surcharges levied under the act. §§ 44-2824, 44-2827, 44-2829 through 44-2831.

Dr. Bohi first qualified under the act on September 10, 1976, both individually and as a member of the partnership with which he then practiced. On February 14, 1978, Dr. Bohi left that partnership and became associated with a professional corporation. Thereafter, the director of the Department of Insurance continued to receive proof of Dr. Bohi's financial responsibility; however, Dr. Bohi neglected to pay the surcharges levied under the act for the period from September 10, 1978, to February 7, 1979, on and after which date everyone agrees Dr. Bohi again qualified under the act.

Mrs. Barry first consulted Dr. Bohi on May 5, 1978, concerning changes she had noticed in her right breast over a period of several years. Dr. Bohi, among other things, examined the breast. He felt no definite mass and therefore concluded that the breast was normal.

Mrs. Barry returned to Dr. Bohi on November 10, 1978, complaining that her breast was still hard. Dr. Bohi noticed a change in the breast from the time of his earlier examination and ordered a roentgenogram of the breast, more specifically known as a mammogram. The mammogram was reported as revealing no evidence of malignant disease.

On December 26, 1978, Mrs. Barry consulted Dr. Bohi a third time. On this occasion Dr. Bohi referred her to a surgeon who saw her on the following day. While the surgeon's examination revealed no definite mass in the breast, he nonetheless, in consultation with another physician, decided that because of its firmness a biopsy should be performed.

The biopsy, performed on January 4, 1979, revealed the presence of metastatic carcinoma in the breast and the surrounding lymph nodes. The breast was then removed.

Mrs. Barry instituted this suit on November 30, 1979. Her petition alleges that Dr. Bohi was negligent "on or after May 5, 1978," in failing to conduct a thorough physical examination, in failing to diagnose the cancer, in failing to order a biopsy, and in failing to refer her to another physician or to advise her to seek additional medical attention. There is evidence that the cancer existed at the time of Dr. Bohi's initial examination. It is Mrs. Barry's thesis that she has been damaged because the delay in correctly diagnosing her condition substantially reduces her chances of recovery.

*Prendergast v. Nelson, supra,* holds that a cause of action arising while the patient and provider are subject to the act is to be adjudicated in accordance with the provisions of the act.

The trial court concluded that Mrs. Barry's cause of action arose when Dr. Bohi first examined her and failed to diagnose the then existing cancer, May 5, 1978, on which date he was qualified under the act. In accordance with that ruling the trial court, over Mrs. Barry's objection, received the aforesaid written opinion of the panel into evidence.

Mrs. Barry argues that her cause of action arose either when Dr. Bohi last examined her, December 26, 1978, or on January 4, 1979, when the biopsy was performed and she should have first discovered that Dr. Bohi failed to properly diagnose her condition. She contends that as Dr. Bohi was not qualified

under the act on either of those dates, the trial court erred in receiving the panel's written opinion.

We have held that in medical malpractice cases a period of limitations or repose begins to run when the treatment rendered after and relating to the act or omission complained of is completed. *Smith v. Dewey*, 214 Neb. 605, 335 N.W.2d 530 (1983); *Williams v. Elias*, 140 Neb. 656, 1 N.W.2d 121 (1941).

This, however, is not a period of limitations or repose case, for suit was instituted well within 2 years of Mrs. Barry's last visit to Dr. Bohi. Neb. Rev. Stat. § 25-222 (Reissue 1979). The question presented, therefore, is not when Mrs. Barry's cause of action accrued for the purpose of determining whether it is barred by a period of limitations or repose but, rather, when did Mrs. Barry's cause of action arise for the purpose of determining whether the panel's written opinion is admissible in evidence.

The question appears to be one of first impression. We are not, however, entirely without guidance in formulating an answer. *Williams v. Elias, supra,* while stating that diagnosis is inseparable from treatment, nonetheless recognized that a physician has the right to change the diagnosis during treatment and that it is a physician's duty to diagnose a patient's condition and treat it "in the manner usually done by physicians in his locality." *Id.* at 662, 1 N.W.2d at 124.

We have held that a cause of action "accrues" so as to begin the running of a period of limitations when a legal right has been violated, as a consequence of which the aggrieved party has the right to institute and maintain suit. That is to say, the cause of action accrues upon the occurrence of the act or omission of which complaint is made. *Suzuki v. Holthaus, ante* p. 72, 375 N.W.2d 126 (1985); *Interholzinger v. Estate of Dent*, 214 Neb. 264, 333 N.W.2d 895 (1983). Other courts have applied the same rule for determining when a cause of action "arises" for the purpose of establishing venue. *Ford v. Mont. Dept. of Fish, Wildlife,* ___ Mont. ___, 676 P.2d 207 (1984); *State ex rel. Birnamwood Oil Co. v. Shaughnessy*, 243 Wis. 306, 10 N.W.2d 292 (1943); *Bergin v. Temple et al.*, 111 Mont. 539, 111 P.2d 286 (1941).

Thus, we conclude that while a medical malpractice action

accrues for limitations and repose purposes when the treatment rendered after and relating to the act or omission complained of is completed, such an action arises, for the purpose of determining the admissibility into evidence of the written opinion rendered by the medical review panel, upon the occurrence of the act or omission of which complaint is made.

In the case presently before us, then, Mrs. Barry had a right to institute and maintain suit, assuming she sustained damages, each time Dr. Bohi allegedly failed to use the requisite standard of care in making his diagnoses; that is, on May 5, 1978, November 10, 1978, and December 26, 1978. Thus, while the written opinion of the medical review panel was properly admitted into evidence for the cause arising as a result of the May 5, 1978, visit, it was improperly admitted for the causes arising from the November 10 and December 26, 1978, visits.

Dr. Bohi observes, however, that there was evidence independent of the panel's written opinion that he had at all times met the requisite standard of care. He correctly argues that, generally, if properly admitted evidence exists to establish that which improperly admitted evidence also establishes, the error in receiving the inadmissible evidence is harmless and that harmless error does not form a basis for the reversal of a judgment. *State v. Whitmore, ante* p. 450, 378 N.W.2d 150 (1985); *Fuel Exploration, Inc. v. Novotny, ante* p. 17, 374 N.W.2d 838 (1985); *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 343 N.W.2d 903 (1984). Those general rules, however, rest on the premise that the nature of the cumulative evidence is such that no prejudice results from its improper admission into evidence. That cannot be said of a written opinion rendered by a panel convened pursuant to the act and numbering among its members an expert selected by Mrs. Barry. § 44-2841. Under such circumstances prejudice must be presumed to result.

Finally, Dr. Bohi argues that since Mrs. Barry chose to participate in the selection of the panel and submitted to the panel's review, she is estopped from objecting to the receipt into evidence of the panel's written opinion. See, *American Motors Sales Corp. v. Perkins*, 198 Neb. 97, 251 N.W.2d 727 (1977) (may not at one and the same time invoke provisions of statute and challenge its validity); *Loringer v. Kaplan*, 179 Neb. 215,

137 N.W.2d 716 (1965) (party petitioning for divorce estopped from denying legal effect of decree). The argument overlooks, however, that Mrs. Barry was obligated to participate in the procedure specified by the act with respect to the cause arising from the May 5, 1978, visit. Notwithstanding the fact that the panel rendered an opinion covering all of Mrs. Barry's visits to Dr. Bohi, its authority was only to express an opinion with respect to the visit which occurred while Dr. Bohi qualified for the protection of the act. Under the circumstances Mrs. Barry is not estopped from objecting to the admission into evidence of the opinion insofar as it relates to the two visits which occurred when Dr. Bohi was not qualified under the act.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

BOSLAUGH, J., dissenting.

This is a continuing course of treatment case arising out of an alleged failure to properly diagnose the plaintiff's illness. There is but one cause of action, which, under the facts in this case, accrued on May 5, 1978. Since the defendant was qualified on that date, the opinion of the medical review panel concerning the entire course of treatment is admissible.