JAMES RIVER INSURANCE CO. *vs.* MERRITT & ROBERTSON.

47 387
o133 635

[ACTION ON POLICY OF INSURANCE AGAINST LOSS BY FIRE.]

1. *Construction of application for policy, as to property included.*—A written application for insurance, in which the property is described as "a frame steam saw-mill, covered with sheet iron, situated," &c., "boiler, engine, machinery, and belting contained therein," includes a planing machine in the building on the same floor with the machinery proper of the mill, about twenty-five feet distant, but attached to it by the belting, and plainly visible.

2. *Same; charge to jury as to.*—In an action on an insurance policy, to recover damages for a loss by fire, a charge which instructs the jury, that, if the defendant's agent wrote the application for the insurance after an inspection of all the machinery in the building, and wrote it in such form as to include a planing machine with other machinery insured to which it was attached, and that such was the understanding of the agent and the plaintiff, then the defendant was liable for the insurance of the planing machine as well as the rest of the machinery, does not necessarily leave to the jury the construction of the writing, when there is conflicting oral evidence respecting the inclusion of the planing machine.

J. LITTLE SMITH, for appellant.

JAMES BOND, *contra.*

B. F. SAFFOLD, J.—The suit was by the appellees, against the appellant, to recover the amount for which certain property had been insured that was destroyed by fire.

The defendant pleaded specially, in substance, that the insurance was obtained on the written application of the plaintiffs, and there was a misrepresentation or conceal- ment of the presence of a planing machine in the building insured, which was not included in the property insured, but was of the class or kind of articles for which a higher rate of insurance was charged, and for that reason the policy was void by its terms. The plaintiff replied to this, that the application referred to was written by the defend- ant's agent after an inspection of the property, and the planing machine was intended to be included in the prop- erty insured. They denied any misrepresentation, con- cealment or omission on their part. A demurrer to this replication was overruled.

The application was as follows:

"James River Ins. Co., Mobile, March 12, 1868, C. W. Dorrance, agent, No. 39 St. Nicholas street, Mobile, Ala.: Insurance is wanted against fire by Merritt & Robertson, for account of themselves, loss, if any, payable to them, on the frame steam saw mill covered with sheet iron, situated on the east side of Water street, between Augusta and Savannah streets, $400. On boiler, engine, machinery and belting contained therein, $1,000. It is understood and agreed that the premises are at no time to be left without a watchman, for one year.

"$700 on building, Jefferson Ins. Co.

"$700 on machinery, Jefferson Ins. Co.

"Your obedient servants,

MERRITT & ROBERTSON.

"$1,400, at 5 per cent.   -   70
"Policy,      -     -     -    1
"Stamp,       -     -     -    11."

It was proved that the planing machine was in the build- ing-in a sort of shed, on the same floor with the machinery proper of the saw-mill, about twenty-five or thirty feet distant from it, but connected with it by the belting, and plainly visible. The agent, Dorrance, saw it, and inquired about it before the written application was made, but on his inspection with the view of insuring. Upon the evi-

dence thus far, we think the planing machine is included in the term machinery, as used in the written application. The reference to, or description of, the machinery, is that contained in the building, and not that attached, or belonging necessarily to the saw-mill.

But if there be ambiguity, and we resort to the parol evidence introduced, for its explanation, the substance of the proof is as follows : The plaintiff, Robertson, stated verbally to defendant's agent that he desired insurance on his saw-mill and machinery, and told him where it was. The agent visited it for the purpose of examination, and inspected it to his satisfaction. He saw the planing machine, and made inquiries about it. Afterwards, he wrote the application which the plaintiffs made. He insured other planing mills at the same rate, because other companies had done so, though the rate of insurance on them was one per cent. higher.

Upon this evidence, the charge excepted to was, in effect, that if the defendant's agent wrote the application, and did so in such form as to include the planing machine, and such was the intention of the plaintiff, Robertson, and the agent, the defendant was liable for the insurance on the machinery, including the planing machine. There is no error in this charge of which the defendant can complain. The burden of his defense was, that he did not insure the planing machine, and that he was imposed on by its presence in, or about, the building. The construction of the writing was not necessarily left to the jury, but they were to say, from all the evidence, whether the planing machine was insured or not.

The judgment is affirmed.