# Alabama Mutual Fire Insurance Co. v. Minchener.

*Action upon Fire Insurance Policy.*

1. *Action upon insurance policy; admissibility of evidence.*—When an insured, who has contracted for insurance, informs the agent of the insurance company who is authorized to issue the policy, of his desire to take out a policy of fire insurance upon a house and points out to such agent which house it is, and the agent, in describing the house insured in the policy, makes it uncertain which house is included therein, in an action upon said policy, it is competent for the insured to testify as to whether or not he pointed out to the agent the house that was burned as the one which was to be insured and told him that that was the house upon which he wished the insurance.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the appellee against the appellant; and counted upon a fire insurance policy. The defendant pleaded the general issue.

The policy of insurance described the property insured as "the one story shingle roof frame building and adjoining communicating additions thereto, including foundations, which is occupied as a dwelling house, and

situated on the east side of Minchener street, in Troy,
Alabama."

It was shown that the duly constituted general agent
of the defendant company, with authority to make con-
tracts for the company and issue policies of insurance
at Troy, Alabama, duly executed and delivered to plain-
tiff he policy sued on, on the day of its date, for which
he was paid the premium; that on the date of the issu-
ance of the policy, the plaintiff was the owner of the
property insured, which was known as the C. W. Wil-
liams place; that no written application was made by
plaintiff for insurance thereon, but it was described by
the plaintiff to the agent by pointing it out and showing
it to him.

The plaintiff testified that the house was on a street
in the city of Troy, on the east side of his, the plaintiff's,
mill in said city, which street he had heard called by
the name of Lake street and also by the name of Min-
chener street, and was most commonly called Lake street;
that plaintiff had nothing to do with the description of
the property further than to point it out to the agent,
who was present and saw it and who wrote out the de-
scription of the property as it appears in the policy and
handed it to the plaintiff, who retained it, not knowing
the particular description employed, until the fire oc-
curred. It was further shown that plaintiff had, there-
tofore, had his lands in Troy surveyed and a map made
of them which he filed and had recorded in the probate
office of said county of Pike, in all respects according
to the statute; and according to said map, the lot on
which the C. W. Williams house is located—said house
being the one insured and destroyed by fire—is located
on Lake street; that according to said map, there is a
Minchener street in said city which lies east of Lake
street, and plaintiff owned a house on the east side of
that street of the value of about $250, while the value
of the one destroyed by fire was shown to be $600.

There was no controversy, as the bill of exceptions
states, of the right of plaintiff to recover, if he is allowed
to show that the Williams house was the one insured and
intended to be insured by plaintiff and defendant's
agent.

[Alabama Mutual Fire Insurance Co. v. Minchener.]

The court, at the request of plaintiff, gave the general affirmative charge in its behalf. To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved, and the rulings of the court upon the charges asked.

FOSTER, SAMFORD & CARROLL, for appellant, cited May on Insurance, § 173; *Russell v. Russell,* 64 Ala. 500; *Mobile L. I. Co. v. Pruett,* 74 Ala. 497; *Insurance Co. v. Mowry,* 96 U. S. 547; *Thompson v. Ins. Co.,* 104 U. S. 259; 24 U. S. Rep. (L. C. P. ed.), 674; *Chambers v. Ringstaff,* 69 Ala. 144; *Gaston v. Weir,* 84 Ala. 196.

E. R. BRANNEN, *contra,* cited *Un. Mut. L. I. Co. v. Wilkinson,* 13 Wall. 231; *Amer. Ins. Co. v. Mahone,* 21 Wall. 152; *Ala. G. L. Ins. Co. v. Garner,* 77 Ala. 210; *Williamson v. Ins. Asso.,* 84 Ala. 106; *Creed v. Sun F. Ins. Co.,* 101 Ala. 522; *Amer. Cen. Ins. Co. v. McLanathan,* 11 Kan. 533; 1 May on Insurance (3d ed.), §§ 144-A.

HARALSON, J.—A policy of insurance should designate the property, so that the subject insured and the risk may be determined. In case of doubt as to what property is covered, the construction will be against the insurer.—2 Joyce on Insurance, § 1690.

Touching mistakes in the description of property insured, Mr. May observes that "knowledge of the company or its agents of the untruthfulness of the statements as to the distance of neighboring buildings, or of inaccuracy or incompleteness in the description of the property, at the time when the insurance is effected, by the general concurrence of the more recent decisions, will estop the insurers from setting up such untruthfulness in defense."—1 May on Insurance, § 262. Again, the same author states the rule of modern decisions to

be, that "a party who deals with an agent, through whom he applies for and obtains a policy, has a right to presume that such material facts as are made known to him, are known to the principal, and when policies are issued with a full knowledge of such facts, the insured is to suffer no prejudice, nor are the insurers to gain any advantage by insisting upon conditions which it would be dishonest to enforce."—§ 498.

In case of the insurance of a ship, which is as applicable to a house, it is said : "If both parties have in view the same vessel, and the underwriter, when the policy is issued, knows its true name, and it is intended to insure that particular ship, a mistake in the name of the vessel would not prevent a recovery for its loss, there being no fraud or concealment, and the contract being otherwise valid and complete."—2 Joyce on Ins., § 1445; *Hughes v. Mercantile Ins. Co.,* 55 N. Y. 265.

In *James Rivers Ins. Co. v. Merritt & Robertson,* 47 Ala. 387, the plaintiffs stated verbally to defendant's agent that they desired insurance on their saw mill and machinery, and told him where it was. The agent visited it for the purpose of examination and inspected it to his satisfaction, and afterwards wrote the application which the plaintiffs made. A loss occurred, and on suit for its recovery, the company defended on the ground that the insurance was obtained on the written application of plaintiffs, and there was a misrepresentation or concealment of the presence of a planing machine in the building insured, which was not included in the property insured. The court said that the agent visited the saw-mill for the purpose of examination, and inspected it to his satisfaction. He saw the planing machine, and made inquiries about it. Afterwards, he wrote the application which the plaintiffs made. He insured other planing mills at the same rate. Upon this evidence the court held, that there was no error in a charge which instructed the jury that if defendant's agent wrote the application and did so in such form as to include the planing mill, and such was the intention of the plaintiff, Robertson, and the agent, then the defendant was liable for the insurance on the machinery including the planing mill.

On the examination of the insured, he was asked to "state whether or not this house known as the Williams place, on the east side of said street mentioned by you (most commonly called Lake street, and which was called also, Minchener street), was the house which you pointed out to the agent of defendant company, and told him this was the property you wanted him to insure?" This question was objected to for that it called for illegal, irrelevant and immaterial evidence, and more especially, because the policy itself was the best evidence of what house was intended to be insured, and because the evidence called for tended to prove the intention of the parties. The court allowed the witness to answer, that he pointed out said Williams house to the agent, and told him he wanted a policy of insurance on that house. There was no error in the admission of this evidence. It tended to show, which it was competent to do, that this particular house and no other, was the one the agent insured. If there was any indefiniteness or uncertainty in the description, it was the act of defendant's agent, and this evidence made the matter plain.—*Guilmartin v. Wood,* 76 Ala. 209; *Syndicate Ins. Co. v. Catchings,* 104 Ala. 176; *Pope v. Glens Falls Ins. Co.,* 130 Ala. 356.

For the same reason, there was no error in allowing the witness, against the objection of defendant, to answer in the affirmative, the question, "Whether or not you and the said Joseph Minchener, Jr., as the agent of defendant, then and there agreed upon and contracted for a $400 policy on said building and appurtenances, which policy was to run and be in force for three years from that date, and which was to be issued to you in said company, and which was subsequently issued to you, and which is the policy sued on in this case?"

There was no conflict in the evidence and it was conceded that there was no controversy as to the right of the plaintiff to recover, if he was allowed to show that the Williams house was the one intended by him and defendant's agent to be insured.

The judgment below must be affirmed.