RHONDA ANN LORINGER, APPELLANT, v. JOSEPH R. KAPLAN, APPELLEE.

137 N. W. 2d 716

Filed October 29, 1965.  No. 35971.

Schrempp, Lathrop & Rosenthal, for appellant.

White, Lipp, Simon & Powers and Albert L. Feldman, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

The plaintiff, Rhonda Ann Loringer, filed her petition in the district court for Sarpy County against the defendant, Joseph R. Kaplan, for damages for a breach of contract to marry, and for fraud and deceit in inducing her to become a party to a void marriage. A general demurrer was filed to plaintiff's petition which the trial court sustained. Plaintiff elected to stand on her petition and the action was dismissed. The plaintiff has appealed.

The petition alleges the following facts: During the times herein mentioned plaintiff was the wife of John Loringer, although separated from him. Defendant met the plaintiff about December 1961 and commenced courting her at that time. He importuned her to obtain a divorce from Loringer in order that she could marry him. She refused. She then moved to California to where the defendant followed her, continuing his avowals of affection. Eventually defendant employed attorneys in California, who proceeded to obtain a divorce for the plaintiff. An interlocutory decree was obtained on December 12, 1962. Defendant gave plaintiff engagement and wedding rings and purchased expensive gifts for her. He promised to buy a nice home in Omaha and to maintain plaintiff and her children in accordance with his means, which he assured her were considerable. Defendant caused plaintiff to select a home on South One Hundred Seventh Avenue of the value of between $40,000 and $50,000, which he was to purchase.

Under the law of California the decree of December 12, 1962, in the divorce action was interlocutory only and the purported divorce became effective after 1 year from the date of the interlocutory decree and the subsequent entry of a final decree of divorce. No contention is here made that the divorce decree ever be-

came effective, in fact the parties now agree that it did not.

Plaintiff alleges that defendant, claiming to have obtained legal advice in the matter, persuaded her that although she could not remarry in California for 1 year from the date of the decree, she could remarry in Nebraska 6 months after the date of the interlocutory decree. By this means defendant induced plaintiff to return to Nebraska to engage in a marriage ceremony, which she did at Papillion, Nebraska, on August 7, 1963, such date being more than 6 months and less than 1 year from the date of the California decree. They proceeded to live together as husband and wife.

Shortly thereafter marital difficulties developed and the defendant filed an action to annul the purported marriage on the ground that plaintiff was legally married at the time of their purported marriage and that their purported marriage was void.

Plaintiff then commenced this action, alleging that defendant had induced her to return to Nebraska and enter into a marriage contract by fraud and deceit. She alleges that his representations as to the validity of the marriage were false and known to him to be such. She alleges that she and defendant were in a confidential relationship and that she relied upon defendant and the means he had of finding the legal effect of the California decree. She alleges that, by the fraud and deceit of defendant, she has been unlawfully seduced by him, causing her great humiliation, distress of mind, and mental pain and anguish. She alleges further that because of his fraud and deceit she has been deprived of the benefits of the home and wealth of the defendant. The prayer of her petition is for damages in a substantial amount. We accept the allegations of the petition as true in considering whether or not a cause of action is stated.

Public policy will not permit a married person to enter into a marriage contract with another when his or

her spouse is alive and not divorced. If such married person is prevented by law from entering into a marriage contract, he or she can have no cause of action for a breach of promise to marry. It seems axiomatic that one cannot have a cause of action for damages on a contract he is barred by public policy from making. The plaintiff here can have no cause of action for a breach of promise to marry because she, having a husband living, was prohibited by law from entering into a contract of marriage.

The plaintiff asserts that she can maintain an action for damages for fraud and deceit under the facts alleged. It is a general rule that misrepresentations as to law will not give rise to an action for fraud and deceit. That this is the general rule is not here questioned. See 23 Am. Jur., Fraud and Deceit, §§ 45, 46, pp. 809, 810. Plaintiff relies upon an exception to the general rule. The exception is: An exception exists under some circumstances where there is a relation of trust and confidence between the parties or where the speaker has, or professes to have, superior knowledge of the law. 23 Am. Jur., Fraud and Deceit, § 48, p. 812. While we concede that such an exception to the general rule exists, it can have no application here.

The plaintiff sought and obtained the interlocutory divorce decree in the courts of California. She is bound to know the contents of the decree which she obtained. It would be against public policy to hold that she could claim lack of knowledge of the contents and legal effect of a decree which she herself sought. She is clearly estopped to assert those things which she is bound to know as a matter of law. The case of Rich v. Fulton, 104 Neb. 262, 177 N. W. 175, touches upon certain phases of the present case, although it does not appear to be conclusive of the facts alleged in this case.

It is clear by the law of California that plaintiff had only an interlocutory decree of divorce. She had no divorce at all until a final decree would be entered more

than 1 year after the date of the interlocutory decree. To permit a party seeking a divorce to allege and prove that she believed it meant something else or that she was persuaded that it meant something different, would involve many serious problems of public policy. A party who petitions for a divorce is estopped to deny the legal effect of the decree he obtains. See Lefferts v. Lefferts, 243 App. Div. 278, 276 N. Y. S. 809.

The plaintiff relies mainly upon three cases: Jekshewitz v. Groswald, 265 Mass. 413, 164 N. E. 609, 62 A. L. R. 525; Amsterdam v. Amsterdam, 56 N. Y. S. 2d 19; and Larson v. McMillan, 99 Wash. 626, 170 P. 324. In the Groswald case liability was found to exist because the defendant arranged a mock wedding and asserted it to be a valid marriage, knowing full well it was not. In the Amsterdam case the defendant was held liable for concealing a previous divorce by which he was prohibited from remarrying during the lifetime of the former wife. In the McMillan case defendant was held liable for concealing the existence of a wife and family and deceiving the plaintiff into a void marriage. These cases and others referred to in plaintiff's brief are not similar to the case at bar and do not support the principle applicable to this case.

The petition in the instant case is subject to demurrer, and when plaintiff stood on her petition the trial court properly dismissed the action.

AFFIRMED.