Charles Connell sued State Farm Automobile Insurance Company and insurance agent Perry Davis for misrepresentation in the course of issuing a policy of insurance to Connell. The trial court granted summary judgment for State Farm and Connell appeals.
The facts of this case are as follows:
Connell met with Davis, who had been a State Farm agent for 19 years, for the purpose of securing a health insurance policy *Page 1166 
which would pay for a work related injury and make up for the excess beyond workmen's compensation coverage. Connell told Davis what he wanted, and Davis recommended a policy he thought would satisfy Connell. The policy would pay for a disability until age 65, and had an optional 7-, 14-, or 30-day waiting period.
Connell applied for the recommended policy with a 14-day waiting period, and paid the initial premium. Connell understood that State Farm's home office would have to approve the application. State Farm in fact did not approve the application for these reasons: 1) the 14-day waiting period was no longer offered; and 2) as a truck-driver, Connell did not qualify for the policy which would pay benefits in addition to workmen's compensation recovery.
State Farm apparently issues two types of disability income policies. The "guaranteed renewable policy," available to doctors, lawyers, teachers, and office workers, will pay benefits for injuries covered by workmen's compensation, and will pay benefits until age 65. The "optionally renewable policy" is available to truck drivers, factory workers, and others, and will pay benefits for only 5 years and will not pay benefits for injuries covered under workmen's compensation.
Therefore, as a truck driver, Connell did not qualify for the policy recommended to him by Davis and for which he had applied and paid a premium. To rectify this, State Farm made changes on Connell's application in red ink, with red ink stamped the application "amended," and returned it to Connell along with a form entitled "Amendment of Application for Health Insurance" for Connell to sign, and an optionally renewable disability income policy.
Connell signed the amendment form when Davis presented it to him. The form, in pertinent part, states "I Charles Connell, hereby amend my application dated August 16, 1982 as follows: Issue with a Minimum Income Period of 5 years. Issue the Optionally Renewable Disability Income Policy." In his deposition testimony Connell was asked about the circumstances of his signing the amendment:
Q. And tell me what this document is, please, sir.
 A. It is a waiver, or change of policy from years from 65 to five years.
 Q. Okay. The maximum income period of five years rather than to age 65?
A. Yes, sir.
 Q. And Mr. Davis explained that to you when you signed it?
A. Yes, sir.
 Q. Why did he tell you it was necessary to change it? Was he the one who explained it to you, Mr. Davis, as opposed to somebody in his office?
A. Yes, sir.
 Q. Why did he tell you it was necessary to change it from age 65 to five years?
A. He didn't.
Q. Did you ask him?
A. No, sir.
Q. Did it make any difference to you?
A. For I trusted him.
 Q. This is not my question. Did it make a difference to you whether it was paid to 65 or five years?
 A. Well, it would have made a difference I reckon in some ways.
 Q. Well, he explained it to you, and you went ahead and signed it?
 A. He just told me they changed it from 65 to five years, is all he explained to me.
 Q. All right, sir. And it says also, "Issue the optionally renewable disability income policy." Is that something that he explained to you also?
 A. Sir, he didn't explain anything about it. He just told me that they had changed, that the piece of paper I was signing was for the changes from 65 to five years.
Connell says he did not realize that he had not obtained any
of the coverage he wanted until July 1983, when a claim he filed on an injury was denied by State Farm because of the workmen's compensation exclusion. Connell filed this suit against State Farm in October 1983, and *Page 1167 
summary judgment was entered for the insurer in September 1984.
The issue is whether there is a scintilla of evidence to support the claim that State Farm and Davis, in their manner of amending the original application, defrauded Connell by misrepresenting the coverage he received under his policy.
A contract of insurance is essentially like all other contracts and is governed by general rules of contract.Hartford Fire Insurance Company v. Shapiro, 270 Ala. 149,117 So.2d 348 (1960). An application for insurance is an offer to enter into an insurance contract, and if the insurer issues a policy materially different from that applied for, the policy is a counter-offer which becomes binding only when accepted by the applicant. Life Insurance Company of Georgia v. Miller,292 Ala. 525, 296 So.2d 900 (1974).
State Farm relies on these principles by stating that the company could not be guilty of fraud when its action amounted to making a counter-offer to Connell, which he accepted. We find, however, that the circumstances of this particular counter-offer exhibit at least a scintilla of evidence of misrepresentation on State Farm's part.
In Torres v. State Farm Fire Casualty Company,438 So.2d 757 (Ala. 1983), we said this:
 A cause of action for misrepresentation exists when the plaintiff relies on a misrepresentation of a material fact and suffers damages as the proximate result of his reliance on the misrepresentation. Section 6-5-101, Code of Alabama. Furthermore, under Alabama law, an insurance company may incur liability as a result of the negligent misrepresentations of its agents. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977).
438 So.2d at 758. Additionally, in Alabama Mutual FireInsurance Co. v. Minchener, 133 Ala. 632, 32 So. 225 (1901), this Court stated as follows:
 ". . . `a party who deals with an agent, through whom he applies for and obtains a policy, has a right to presume that such material facts as are made known to him, are known to the principal. . . .'"
133 Ala. at 635, 32 So. at 226. Therefore, in the present case, Connell has a cause of action if he can show a misrepresentation by Davis upon which he relied to his detriment.
State Farm uses contract principles to argue that Connell's reliance on Davis's recommendation was unreasonable because Connell had a duty to read his policy and determine for himself whether he had obtained the coverage he desired. It is true that in order to recover for misrepresentation, a plaintiff's reliance must have been reasonable under the circumstances, and if a reasonably prudent person using ordinary care would have discovered the truth, there is no misrepresentation. Torres,supra, at 759.
Under the facts of this case, reasonable men could differ on the issue of whether Connell was justified in his reliance. The evidence shows that Connell informed Davis that he specifically wanted insurance that would pay disability benefits in addition to workmen's compensation recovery. Davis told Connell he had a policy which would do that. Connell relied on this representation by Davis. Subsequently, the insurance company sent the amendment form to Connell for his signature, listing two changes — payment for a 5-year maximum rather than until age 65, and issuance of the optionally renewable policy rather than the guaranteed renewable policy. Davis did not explain the consequence of this latter change to Connell.
State Farm, through its agent, knew that Connell specifically wanted coverage for workmen's compensation injuries. Connell expected this coverage and paid for it. The policy amendment form changed the duration of payment, and as far as the unknowing reader could tell, simply changed the renewability feature. Connell could not be expected to know that his amended application was a request for coverage which excluded payment for injuries covered by *Page 1168 
workmen's compensation. In this respect, and under the facts of this case, we hold that there is a scintilla of evidence to support the misrepresentation claim filed by Connell.
We find no merit, however, in the argument by Connell that the lower court erred in granting a motion in limine to prevent the plaintiff from putting into evidence a statute and several regulations pertaining to insurance applications. The court found the evidence irrelevant in this case and we will not set that ruling aside.
For the above-stated reasons, the judgment of the Circuit Court of Tallapoosa County is reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and SHORES, JJ., concur.