WILLIAM E. SIMON AND ELIZABETH M. SIMON, APPELLANTS, V.
WILKINSON AGENCY, INC., DOING BUSINESS AS CENTURY 21
WILKINSON AGENCY, AND MICHAEL G. LASHLEY, APPELLEES.

518 N.W.2d 154

Filed June 7, 1994.    No. A-92-708.

**I**

Kelly Michael Hogan, of Neil E. Williams & Associates, P.C., for appellants.

Susan C. Williams and Terrance O. Waite, of Murphy, Pederson & Waite, for appellees.

SIEVERS, Chief Judge, and CONNOLLY and IRWIN, Judges.

CONNOLLY, Judge.

This appeal arises from the decision of the Lincoln County District Court sustaining the demurrer of the appellees, Wilkinson Agency, Inc., doing business as Century 21 Wilkinson Agency, and Michael G. Lashley, to the third amended petition of the appellants, William E. Simon and Elizabeth M. Simon. The Simons' third amended petition alleged four theories of recovery, two based on negligent misrepresentation and two based on fraudulent misrepresentation. The trial court sustained the appellees' demurrer and dismissed the third amended petition. We affirm in part because, in Nebraska, the claim of negligent misrepresentation has not been recognized outside the context of the relationship between an insured and his or her insurance agent. We in part reverse and remand for further proceedings because, considering the appellees' superior knowledge of real estate matters and the Simons' reliance on that superior knowledge, the appellees were liable for fraudulent misrepresentation for legal advice they provided to the Simons.

## I. FACTS

For the purpose of reviewing the trial court's ruling on the demurrer, we accept as true the following facts:

The Simons employed the appellees to sell their real estate. An agreement was prepared by the appellees for the sale of the Simons' property for $224,000. After the buyers signed the purchase agreement, the appellees made several representations to the Simons. They informed the Simons that the Simons would have to pay for the removal of asbestos from the

residence on the property. The appellees told the Simons that if the Simons failed to remove the asbestos, the buyers could refuse to complete the sale and could stop the sale of the property to any subsequent buyer for a considerable length of time. The appellees advised the Simons that in order to preserve the sale, the Simons had to reduce the selling price by $13,500 and deposit $1,600 in escrow to cover the cost of potential damage to the residence sustained during the removal of asbestos. The Simons relied on these representations and executed an addendum to the purchase agreement. The addendum incorporated into the purchase agreement the recommendations of the appellees regarding the reduced selling price and the escrow deposit.

In their brief, the Simons assert that they discovered after the closing of the deal that the representations made by the appellees were false. They filed a claim for damages based on the reduction in price and the escrow deposit. Their third amended petition is the subject of this appeal.

The appellees demurred on grounds that there was a defect of parties, that several causes of action were improperly joined, and that the petition did not state facts sufficient to constitute a cause of action.

The trial court sustained the demurrer, stating, "The Court specifically finds, *Flamme v. Wolf Insurance Agency*, 239 Neb. 465 (1991), not withstanding [sic] to the contrary, that no cause of action for negligent misrepresentation exists in the State of Nebraska." The court gave the Simons 20 days to amend their petition, after which time, if the petition was not amended, the court would entertain a motion to dismiss. The Simons stood on their petition, and the appellees filed a motion for dismissal with prejudice. The motion was sustained, and the Simons' cause of action was dismissed with prejudice.

## II. ASSIGNMENTS OF ERROR

The Simons' assignments of error can be summarized as follows: The trial court erred in sustaining the demurrer and dismissing the Simons' petition.

## III. STANDARD OF REVIEW

In ruling on a demurrer, the petition is to be construed

liberally; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Matheson v. Stork*, 239 Neb. 547, 477 N.W.2d 156 (1991).

In considering the sustaining of the demurrer, we recall the rule that a court accepts the truth of the facts well pled and the factual and legal inferences which may be reasonably deduced therefrom, but does not accept the conclusions of the pleader. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992).

## IV. ANALYSIS

Before addressing the merits of the appeal, we note that the Simons did not allege four causes of action, but, rather, one cause of action alleging four theories of recovery. A cause of action consists of the set of facts on which a recovery may be had. *Lewis v. Craig*, 236 Neb. 602, 463 N.W.2d 318 (1990). Two or more claims in a petition arising out of the same set of operative facts and involving the same parties constitute separate legal theories of recovery and not separate causes of action. *Id.* All of the Simons' claims arise out of the same set of operative facts.

### 1. NEGLIGENT MISREPRESENTATION

The appellees correctly point out that in Nebraska, the claim of negligent misrepresentation has been recognized only in the context of the relationship between an insured and his or her agent. In *Flamme v. Wolf Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991), the insureds sued their insurance agency and the agent for negligent misrepresentation concerning underinsured motorist coverage. In recognizing the insureds' claim for negligent misrepresentation, the court stated the following proposition of law:

> It is well established that an insurance agent or broker may be held liable for a negligent misrepresentation made to an insured. See, e.g., *Connell v. State Farm Mut. Auto Ins. Co.*, 482 So. 2d 1165 (Ala. 1985); *Clary Ins. Agcy. v. Doyle*, 620 P.2d 194 (Alaska 1980); *Runia v. Marguth Agency, Inc.*, 437 N.W.2d 45 (Minn. 1989); *Rotanelli v. Madden*, 172 A.D.2d 815, 569 N.Y.S.2d 187 (1991); Annot., 72 A.L.R.3d 704 (1976).

*Flamme*, 239 Neb. at 471, 476 N.W.2d at 807. We note that in the four cases cited by the court to support this proposition of law, negligent misrepresentation is limited to the area of an insurance agent's liability to an insured. The American Law Reports annotation cited by the court is entitled "Liability of Insurance Agent or Broker on Ground of Inadequacy of Liability Insurance Coverage Procured." Annot., 72 A.L.R.3d 704 (1976). The concurring opinion in *Flamme* asserts that the majority haphazardly created a broad-based cause of action in Nebraska for negligent misrepresentation, see *Flamme, supra* (Shanahan, J., concurring), but we find nothing in the majority opinion to support the broad interpretation of negligent misrepresentation that is described in the concurrence. We believe that if the majority had intended to expand the cause of action in the manner suggested in the concurrence, the majority would have done so in its opinion. Therefore, we conclude that *Flamme* does not create a cause of action for negligent misrepresentation outside the context of the relationship between an insured and his or her insurance agent.

### 2. Fraudulent Misrepresentation

To recover in an action for fraud based on misrepresentation of facts, a plaintiff must prove that (1) the defendant made a representation of a material fact; (2) the representation was false; (3) the representation, when made, was known to be false or was made recklessly as a positive assertion without knowledge concerning the truth of the representation; (4) the representation was made with the intention that the plaintiff would rely on it; (5) the plaintiff reasonably relied on the representation; and (6) as a result of such reliance, the plaintiff suffered damage. *Henderson v. Forman*, 240 Neb. 939, 486 N.W.2d 182 (1992); *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992).

The Simons did not allege that the appellees made a false representation of a material fact. They alleged that the appellees falsely represented that the Simons' legal right to sell their real estate would be restricted unless the Simons executed the addendum to the purchase agreement. The Simons' claim for fraudulent misrepresentation is based not on a statement of

fact but on an opinion of the Simons' legal rights, i.e., that the marketability of the Simons' title would be impaired unless they removed the asbestos at their own expense.

■ It is a general rule that fraud and deceit cannot be predicated upon misrepresentation of law for the reason that everyone is presumed to know the law. *Loringer v. Kaplan,* 179 Neb. 215, 137 N.W.2d 716 (1965). An exception to the foregoing rule may exist under some circumstances where there is a relation of trust and confidence between the parties or where the speaker has, or professes to have, superior knowledge of the law. *Id.* In their petition, the Simons described their relationship with the appellees. Construing the Simons' petition liberally and considering the factual and legal inferences which may be reasonably deduced from the facts well pled, we find that the relationship between the Simons and the appellees requires application of the exception set out in *Loringer.* The appellees possessed superior knowledge of real estate matters, and the Simons relied on that superior knowledge. Thus, the appellees could be held liable for any legal advice they provided.

## V. CONCLUSION

As to the claims for negligent misrepresentation, we affirm the judgment of the trial court sustaining the appellees' demurrer. As to the claims for fraudulent misrepresentation, we reverse the judgment of the trial court sustaining the appellees' demurrer. Therefore, we reverse the order dismissing the Simons' petition and remand the cause to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.

SIEVERS, Chief Judge, concurring in part, and in part dissenting.

I concur in that portion of the majority's opinion reversing the judgment of the district court and finding that the demurrer was incorrectly sustained as to the plaintiffs' theory of recovery for fraudulent misrepresentation.

However, I respectfully disagree with my colleagues when they vote to uphold the district court's decision sustaining the

demurrer to the plaintiffs' theory of recovery which alleges negligent misrepresentation. My colleagues rely upon *Flamme v. Wolfe Ins. Agency*, 239 Neb. 465, 476 N.W.2d 802 (1991) (holding that an insurance agent or broker may be held liable for a negligent misrepresentation made to an insured). My colleagues do not read *Flamme* as extending to other relationships, particularly the relationship between a real estate agent and the owner-seller of real property. Justice Shanahan clearly expressed the view in his *Flamme* concurrence that the case represented a new and expansive doctrine of tort liability whose adoption deserved more fanfare. Admittedly, Justice Shanahan was alone in his concurrence; however, the majority in *Flamme* did not expressly limit the tort of negligent misrepresentation to insurance agents and their customers.

I am unable to articulate a logical basis upon which to say that an agent selling automobile insurance is liable for his or her negligent misrepresentations, but a real estate agent selling real property is not. Both the insurance agent and the real estate agent provide unique services which the state has licensed them to render. Consumers of both agents' services and advice rely on the agent when making important decisions in matters upon which the typical consumer is frequently poorly informed and inexperienced. I believe this to be true whether the consumer is dealing with an insurance agent or with a real estate agent. Accordingly, I cannot join in a decision according obviously different treatment to similarly situated agents and their consumers. With due respect to the views of my colleagues, I do not understand the basis for the distinction which the majority opinion concludes is part of the Supreme Court's decision in *Flamme*.

Moreover, an additional factor compels the position that I take in this dissent and militates against the majority's position. This is recognition of the fact that real estate agents and sellers for whom they are working are normally tightly bound to one another by contract which carries considerable exclusivity. That contractual relationship has been known to lead to legal actions to recover commissions, but the relationship is such that the consumer also ought to be able to recover in tort should he or she be damaged by negligent misrepresentations of the agent.

See *Firmature v. Brannon*, 223 Neb. 123, 388 N.W.2d 119 (1986) (holding that a real estate broker is an agent owing a fiduciary duty to use reasonable care, skill, and diligence in procuring the greatest advantage to his client and to act honestly and in good faith, making full disclosures to his client of all material facts affecting his interests). In contrast, a consumer is rarely so tightly bound in an exclusive relationship to the insurance agent who procures his or her automobile or homeowners insurance.

For these reasons, I would reverse the decision of the district court on this issue and find that the plaintiffs had stated a cause of action for negligent misrepresentation.